**UNITED STATES v. GOLAN.**

No. 7724.

District Court, E. D. Pennsylvania.

Sept. 7, 1938.

Gerald A. Gleeson, Asst. U. S. Atty., of Philadelphia, Pa., and J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., for plaintiff.

Louis Lipschitz and Albert G. Newton, both of Philadelphia, Pa., for defendant.

MARIS, Circuit Judge.

The defendant was indicted under Section 23 of the Act of June 29, 1906, 34 Stat. 603, 8 U.S.C. § 414, 8 U.S.C.A. § 414, for knowingly giving false testimony as to facts material in his naturalization proceeding and for knowingly making an affidavit false as to material facts required to be proved in the naturalization proceeding. He was convicted by a jury and now moves for a new trial upon the ground that the evidence produced by the Government was insufficient to support the verdict and that the corpus delicti was not proved before the defendant's admissions were offered in evidence.

At the outset it is to be noted that the elements of the crime defined by Section 23 of the Act of 1906 are substantially the same as those of the crime of perjury defined by Section 125 of the Criminal Code, 18 U.S.C. § 231, 18 U.S.C.A. § 231. Gregorat v. United States, 5 Cir., 249 F. 470. It is also to be borne in mind that this court, in applying the rules of evidence in criminal cases, is required to apply those rules as laid down by the common law of Pennsylvania as it existed at the time of the passage of the Judiciary Act, unless they have been modified by an Act of Congress. United States v. Reid, 12 How. 361, 53 U.S. 361, 13 L.Ed. 1023.

Turning to a consideration of the common law of Pennsylvania I find it to be settled that two or more contradictory statements of a defendant standing alone will not sustain a charge of perjury. Com. v. Bradley, 109 Pa.Super. 294, 167 A. 471. Before a defendant may be convicted upon his admission that a prior statement under oath was false it is necessary to establish the corpus delicti, that is, the falsity of the defendant's prior sworn statement. Com. v. Haines, 130 Pa.Super. 196, 196 A. 621.

In the present case the Government offered evidence proving that the defendant gave the testimony and made the affidavit in his naturalization proceeding which it contended were false. It then offered in evidence certain admissions by the defendant that this testimony and affidavit were false. No other evidence as to their falsity was produced, however, and I submitted the case to the jury upon the contradictory state-

ments of the defendant alone and over his objection that the corpus delicti had not been proved. I am satisfied that this was error and that I should have sustained the defendant's motion for a directed verdict of not guilty.

His motion for a new trial is accordingly granted.