**UNITED STATES v. GULOTTA**
(two cases).
Nos. 14417, 14418.

District Court, W. D. Missouri, W. D.
Oct. 28, 1939.

Maurice M. Milligan, U. S. Atty., and Richard K. Phelps and Otto Schmid, Asst. U. S. Attys., all of Kansas City, Mo.

Phineas Rosenberg and Daniel L. Brenner, both of Kansas City, Mo., for defendant.

OTIS, District Judge.

This really is a controversy between highly technical requirements of law and the substance of truth. If the case (No. 14418 is first considered) had been submitted to a jury, no one can doubt that a verdict of "guilty" would have been returned almost instanter. Such a verdict might have offended the letter of the law, it would not have offended justice in the larger sense. The sole reliance of the defendant was not on consciousness of innocence, but on obstacles obtruded in the prosecutor's path by rules of evidence. There can be and is no criticism of that. Every accused person is entitled to justice *under law* and has a perfect right to avail himself of whatever defenses, however technical, the law recognizes and permits.

The indictment is bottomed on Section 141, Title 18, U.S.C., Title 18, Sec. 141, U.S.C.A., which, so far as it is important to set it out here, is—" * * * whoever, for any fraudulent purpose whatever, shall falsely represent himself to be a citizen of the United States without having been duly admitted to citizenship, shall be fined not more than $1,000, or imprisoned not more than two years, or both." The indictment charges that the defendant on

February 3, 1938, falsely represented himself to be a citizen of the United States for the purpose of having his name enrolled upon an original register of qualified voters for the tenth precinct of the first ward in Kansas City, Missouri, and for the further purpose of voting in the election succeeding the date of registration.

It was essential that the government should prove beyond a reasonable doubt: 1. That the defendant did represent himself to be a citizen of the United States at the time and place referred to in the indictment. 2. That that representation was falsely made intentionally. 3. That the false representation was made for a fraudulent purpose.

The proof is conclusive that on February 3, 1938, the defendant appeared before a duly appointed registration officer in Kansas City for the purpose of registering himself as a lawful voter at an approaching election and signed and swore to an affidavit of registration (Plaintiff's Exhibit 5) in which he attested that he was born in the State of Louisiana and "that I am a citizen of the United States * * * and that I am legally qualified to vote."

█ Since only a citizen of the United States is a qualified voter in Missouri and entitled to register as such (Mo.St.Ann. Const. Art. VIII, Sec. 2), it is obvious that the evidence referred to was a quite sufficient basis for findings that the defendant did represent himself to be a citizen and that, if he falsely represented that he was a citizen, he did it for the fraudulent purpose of obtaining registration as a voter and thereafter of voting upon that registration.

█ If there are difficulties here they are in connection with the proof of the second element of the offense charged, namely, that the defendant was not a citizen of the United States when he represented himself to be such. The evidence offered to establish this essential element of the crime charged included Government's Exhibit 1, a signed statement of the defendant, in question and answer form, taken by a naturalization examiner and sworn to by the defendant on December 1, 1938. Since, however, it has been urged that no essential element of a criminal offense can be established by the uncorroborated confession of the accused, and since that rule (however it may be difficult to defend the rule by convincing argument) has been recognized by the Court of Appeals for the Eighth Circuit (Tingle v. United States, 38 F.2d 573), it is necessary to consider whether there is any corroborative evidence in the record that the defendant was not a citizen when he represented himself to be a citizen.

█ . Three pieces of evidence were offered and received, subject to objections (now overruled) made by the defendant. One was what purported to be a passport issued by the Kingdom of Italy to Antonio Gullota. No proof was made identifying this passport as having been officially issued nor that it was the passport of this defendant *excepting this proof: The defendant himself produced this passport at the time he filed a declaration of intention to become a citizen.* But that fact does furnish some basis for considering that the passport was that of the defendant and that the facts stated in the passport may be considered against the defendant, including the fact that he was born in Campobello, Italy, March 11, 1896. The other two pieces of evidence were these: (a) A declaration of intention to become a citizen signed and sworn to by the defendant in this court on November 15, 1918, and a second declaration of intention to become a citizen, signed and sworn to by the defendant in this court on December 1, 1938. Each of these declarations attested that the defendant was born in Campobello, Italy in March, 1896 (fixing the date at March 26, whereas the passport fixes it as March 11); that he arrived at the port of New Orleans, Louisiana, October 10, 1903, and that he was, at the time of making the declaration, a subject of the King of Italy. Each of these declarations was offered in evidence from the permanent records of this court and identified by the clerk of the court. The signatures of the defendant to the declarations were separately proved.

█ We shall be surprised indeed if any reviewing court will say that these pieces of evidence do not constitute substantial competent proof that the defendant, on February 3, 1938, was not a citizen and that he knew he was not a citizen. He produced a foreign passport when he filed a declaration of intention to become a citizen, a passport issued to him and possessed by him. It was necessary for him to show the naturalization authorities that he was entitled to file a declaration. He offered his passport as proof. He signed and swore to a declaration of intention both before and after the date of the alleged of-

fense. These declarations were not confessions. They were not admissions in the usual meaning of that word. They were solemnly attested documents filed in a federal court by the defendant for his own advantage. They constitute facts utterly inconsistent with citizenship. Proof of those facts is not absolute proof that the defendant was not a citizen on February 3, 1938, but absolute proof of anything is never required. Certainly when facts are proved, from which only one conclusion normally would be drawn (and 99 times out of one hundred it would be right) there is substantial proof of that conclusion.

■ If there was substantial proof of the several elements of that offense corroborating the confession, then the confession is competent. The confession admits every element of the offense.

■■ We have read very carefully the principal authorities cited by the defendant in support of his various contentions and accept as correct the various rules of law for which the authorities are cited. The facts, however, are so much stronger against the defendant here than in any of the cited cases that we do not find the rules relied on applicable. With the facts presented (with no evidence whatever introduced by the defendant to refute them) we are bound to say that we have an abiding conviction to a moral certainty (and that, the Supreme Court has said, is the test of proof beyond a reasonable doubt) that the defendant is guilty as charged in case No. 14418. The judgment of the court is that he is guilty as charged in that case.

### No. 14417.

■ In case No. 14417 the judgment must be that the defendant has not been proved guilty beyond a reasonable doubt and that he is not guilty. In this case there is a complete failure to prove an essential element of the charge, namely, that the defendant did represent, at the time and place referred to in the indictment, that he was a citizen of the United States. The only evidence that was offered bearing on that element of the charge was the original register of the tenth precinct of the first ward of Kansas City. One line in that register contained the following data: "506 Troost — Gullota, Anthony — 26 — 40 — La — W — 30 yr — 30 yr — 30 yr — yes — 9/22/36 — yes — 26 — Anthony Gullota." It was proved that the name "Anthony Gullota"

last appearing in this line was signed by the defendant. There was no proof of any kind by any witness that the defendant had furnished any of the information appearing in the line described. The registration officials were not called and none of them testified. The only contention that the government makes in this connection is that the abbreviation "La" (which was under the heading "Nativity, where born") indicated that the defendant had represented to the registration officials that he was born in Louisiana. That conclusion is obviously an inference based upon an inference.