## GULOTTA v. UNITED STATES.

### No. 11620.

Circuit Court of Appeals, Eighth Circuit.

July 24, 1940.

Joseph Koralchik, of Kansas City, Mo. (Phineas Rosenberg, Daniel L. Brenner, and Rosenberg & Brenner, all of Kansas City, Mo., on the brief), for appellant.

Charles F. Lamkin, Jr., Asst. U. S. Atty., of Kansas City, Mo. (Richard K. Phelps, Acting U. S. Atty., and Otto Schmid and Wm. Orr Sawyers, Asst. U. S. Attys., all of Kansas City, Mo., on the brief), for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and BELL, District Judge.

THOMAS, Circuit Judge.

On January 26, 1939, two indictments were returned against the appellant in the District Court in each of which he was charged with violation of section 79 of the Criminal Code, Title 18 U.S.C.A. § 141. Upon motion of the defendant the cases were consolidated for trial and by stipulation they were tried to the court without a jury. In one of the cases the defendant was found not guilty, and in the other he was adjudged guilty as charged and sentenced to serve one year and six months in a penitentiary and to pay a fine of $1000. United States v. Gulotta, D.C., 29 F.Supp. 947. He appeals from the judgment of conviction.

The indictment upon which he was convicted charged that on or about February 3, 1938, appellant for the purpose of having his name enrolled upon the register of qualified voters for the 10th precinct of the 1st ward of Kansas City, Missouri, subscribed to an oath to the effect that he was

a citizen of the United States and was qualified to vote, whereas he was not a citizen of the United States in that he was born in Campobello, Italy, and had never been naturalized.

In so far as material the statute alleged to have been violated provides that "* * * whoever, for any fraudulent purpose whatever, shall falsely represent himself to be a citizen of the United States without having been duly admitted to citizenship, shall be fined not more than $1,000, or imprisoned not more than two years, or both."

■ To warrant conviction the burden was upon the government to prove by competent evidence and beyond a reasonable doubt (1) that for some fraudulent purpose the appellant represented himself to be a citizen of the United States as charged in the indictment and (2) that he was not a citizen of the United States.

To sustain the burden cast upon it the government introduced in evidence the "Affidavit of Registration" filed by the appellant with the election registration officials of Kansas City, Missouri, on February 3, 1938, in which he declared that he was born in the state of Louisiana on the 29th of March, 1896, and that he was a citizen of the United States and qualified to vote.

To prove the false and fraudulent character of the allegations in the affidavit of registration and to establish the charge that appellant was born in Italy the government introduced in evidence over objection of the appellant certain extrajudicial confessions or admissions.

The so-called confession, Exhibit 1, is a written statement signed by appellant before a naturalization examiner on December 1, 1938. In it he declared that he was born in Campobello, Italy, on March 29, 1896, of Italian parents; that he had resided in Kansas City for 33 years; that he had told the election commissioners that he was born in Louisiana; that he knew that he was born in Italy; and he admitted that he fraudulently represented himself to be a citizen of the United States for the purpose of voting in the United States.

Exhibits 4, 6 and 2 constitute the admissions relied upon to support and corroborate the confession. Exhibit 4 is a declaration of intention to become a citizen of the United States, dated November 15, 1918, signed by appellant and filed in the office of the clerk of the District Court at Kansas City. In this instrument appellant states that he was born in Campobello, Italy. On December 1, 1938, he filed a second declaration of intention (Exhibit 6), in which he stated that he was an Italian citizen of Campobello. At the time Exhibit 6 was prepared on November 16, 1938, appellant delivered to the naturalization officers a passport (Exhibit 2) purporting to have been issued to appellant by the King of Italy in 1903 and which stated that he was born at Campobello March 21, 1896.

A demurrer to the evidence was overruled, and the defendant stood on the demurrer and introduced no testimony.

Two contentions are urged here: First, that the court erred in admitting the passport over his objections; and, second, that the evidence is insufficient to sustain a conviction.

■ The passport was in no way authenticated nor identified. It is not competent evidence, therefore, to prove the facts therein stated. Hartzell v. United States, 8 Cir., 72 F.2d 569; Duncan v. United States, 9 Cir., 68 F.2d 136; Stein v. Bowman, 13 Pet. 209, 218, 10 L.Ed. 129; 22 C.J. 854, 1000. It was tendered by appellant to a naturalization official, however, with the apparent intent that the facts therein stated should be accepted as true. It was within the discretion of the trial court to receive it in evidence as an admission by the appellant that he was born in Italy. Blumen v. Haff, 9 Cir., 78 F.2d 833, 835. As such it was cumulative only.

■■ The appellant's second contention is the more serious. It is that the evidence is not sufficient to support conviction. He relies upon the long-established rule that "extrajudicial confessions or admissions are not sufficient to authorize a conviction of crime, unless corroborated by independent evidence of the corpus delicti." Martin v. United States, 8 Cir., 264 F. 950; Tingle v. United States, 8 Cir., 38 F.2d 573, 575; Naftzger v. United States, 8 Cir., 200 F. 494, 498; Goff v. United States, 8 Cir., 257 F. 294; Duncan v. United States, 9 Cir., 68 F.2d 136; Forte v. United States, 68 App.D.C. 111, 94 F.2d 236; Jordan v. United States, 4 Cir., 60 F.2d 4; Flower v. United States, 5 Cir., 116 F. 241, 247; Daeche v. United States, 2 Cir., 250 F. 566; Gordnier v. United States, 9 Cir., 261 F. 910. The independent evidence need not be of itself sufficient proof of guilt, but need only be a substantial showing

which together with the defendant's confession or admission establishes the crime beyond a reasonable doubt. Gregg v. United States, 8 Cir., 113 F.2d 687, decided at the present term; Pearlman v. United States, 9 Cir., 10 F.2d 460, 462. But the rule requires some such independent evidence, and it is conceded by the government that the record is barren of all such extrinsic evidence in this case, unless a distinction be made between confessions and admissions. And it is argued that such a distinction should be made.

 A distinction between confessions and admissions as evidence in a criminal case is, for some purposes, generally recognized. A confession is a declaration made by the accused admitting his participation in the crime with which he is charged. It is a direct acknowledgment of guilt. An admission is a statement, direct or implied, of facts tending to establish guilt. It is not an acknowledgment of guilt but of facts and circumstances, which, if taken in connection with proof of other facts, may permit an inference of guilt. Ziang Sun Wan v. United States, 53 App. D.C. 250, 289 F. 908, 913; Ex parte Tozier, D.C.Me., 2 F.2d 268; Commonwealth v. Haywood, 247 Mass. 16, 141 N.E. 571; People v. Sovetsky, 323 Ill. 133, 153 N.E. 615; State v. Cook, 188 Iowa 655, 176 N.W. 674. Applying the distinction to the evidence in this case it is conceded that the rule requiring independent proof of the corpus delicti applies to the so-called confession, Exhibit 1; and it is urged that since the admissions made in Exhibits 4, 6 and 2 were voluntarily made, they should be regarded as corroborative evidence and sufficient, when considered with the confession, to sustain the conviction. Such a distinction or exception to the rule has not heretofore been recognized.

It is not the contention of the government that the broad rule does not exist in full vigor in the courts nor that it is not applicable to the present case; but it is contended that such a sweeping rule ought to fail for want of good reasoning to support it. The rule has indeed been criticized by such eminent authority as Professor Wigmore. 4 Wigmore, Evidence, 2d Ed. 1923, § 2070, p. 406. The efficacy of the rule, however, as a shield against the possibility that innocent persons may be convicted of crime on the basis of a false confession or admission induced by promise of immunity or coercion is fully demonstrated by recent decisions. White v. Texas, 60 S. Ct. 1032, 84 L.Ed. 1342, decided May 27, 1940; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L. Ed. 682; Forte v. United States, supra. If a false confession of guilt may be obtained from an innocent person by the use of coercion or flattery it is equally true that an admission of any element of the crime may also be obtained by the same means. On the principle that it is better for society that the guilty should occasionally escape than that the innocent should be punished, exceptions should not be grafted upon long-established rules until their need has been clearly demonstrated.

 The rule that to warrant conviction of a crime both confessions and admissions must be corroborated by some independent evidence is illustrated in cases very similar to the present. Duncan v. United States, supra; Gordnier v. United States, supra; United States v. Golan, D.C. Pa., 24 F.Supp. 523; and see Martin v. United States, supra; Tingle v. United States, supra. Nor has the requirement of some independent proof as applied both to confessions and admissions been relaxed merely because the facts seemed to indicate that the disclosures had been voluntarily made by the accused. If coercion could be clearly shown confessions and admissions would not be admissible at all. Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; Hardy v. United States, 186 U.S. 224, 229, 22 S.Ct. 889, 46 L.Ed. 1137; Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568; Ziang Sung Wan v. United States, 266 U.S. 1, 45 S.Ct. 1, 69 L.Ed. 131; Murphy v. United States, 7 Cir., 285 F. 801; 22 C.J. 301; 16 C.J. 628, 717. In the absence of such a showing admissions and confessions are received in evidence with the caution and under the necessity of independent proof of the corpus delicti, however slight such proof may be. Martin v. United States, supra; Naftzger v. United States, supra. Indeed, there is no sound reason why an uncorroborated voluntary admission of some element of crime should be given greater force as evidence of guilt than is accorded the accused's outright confession of the crime itself. In the instant case the appellant's written confession contains admissions of all the elements of the offense charged in the indictment plus the admission of guilt itself. So far as appears in

the evidence, the confession was voluntarily given to a naturalization officer of the government and was certified by the appellant and two witnesses as a true and correct copy of his statements. It would not have added to its convincing force had it appeared that the confession had been made voluntarily in the District Court under oath. It is just as convincing as the admissions contained in the declarations of intention to become a citizen of the United States. No authority has been found holding that admissions may be given greater weight as evidence than may be given confessions, or that admissions may be received and considered as independent evidence corroborating a confession. No reason has been suggested by counsel of sufficient weight and persuasion to convince us that the rule of stare decisis should not apply.

It follows that the judgment appealed from must be, and it is, reversed, and the case is remanded for a new trial.