**PINES v. UNITED STATES.**

No. 11951.

Circuit Court of Appeals, Eighth Circuit.
Dec. 5, 1941.
Rehearing Denied Jan. 2, 1942.

Eugene D. O'Sullivan, of Omaha, Neb. (Peter C. Rasmussen, of Council Bluffs, Iowa, on the brief), for appellant.

Cloid I. Level, Asst. U. S. Atty., of Des Moines, Iowa (Maurice F. Donegan, U. S. Atty., of Davenport, Iowa, and William R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

Appellant was indicted in an indictment containing three counts for transporting and causing to be transported in interstate commerce certain falsely made, altered, forged and counterfeited securities, in violation of the provisions of Sections 413 to 419, Title 18 U.S.C.A. We shall refer to the appellant as defendant.

Count 1 of the indictment charged that the defendant "on or about the 27th day of November, A. D. 1939, did then and there unlawfully, wilfully, knowingly and feloniously, with intent to defraud, transport and cause to be transported in interstate commerce from the City of Min-

neapolis, in the State of Minnesota, to the City of Council Bluffs, County of Pottawattamie and State of Iowa * * * a falsely made, forged, altered and counterfeited security, to-wit, a U. S. Dollar Travelers Cheque purportedly issued by Gotham Trust Company of New York, a fictitious bank, in denomination of One Hundred Dollars ($100.00), knowing the same to have been falsely made, forged, altered and counterfeited, and a photostatic copy of which said falsely made, forged, altered and counterfeited security aforesaid, is hereto attached marked Exhibit 'A', and made a part of this count by reference." Count 2 is identical with Count 1, except that it describes six such cheques as that described in Count 1. Count 3 charges the defendant with the transportation of "a falsely made, forged, altered and counterfeited security, to-wit, a Circular Letter of Credit purportedly issued by Gotham Trust Company of New York, a fictitious bank, bearing Number 44139, knowing the same to have been falsely made, forged, altered and counterfeited, and a photostatic copy of the face (marked Exhibit 'B') and a photostatic copy of the back (marked Exhibit 'B-1') of which said falsely made, forged, altered and counterfeited security aforesaid are hereto attached and made a part of this Count by reference." In each Count the defendant was referred to as "Davis Pines, alias David Pinas, alias Joseph L. Lewis, alias 'Little Davie'", and he was so designated in the caption of the indictment.

Following the return of the indictment and before entering his plea, defendant filed a motion for a bill of particulars, which was denied, and he then, before plea, filed a motion to quash the indictment and a special demurrer based upon identical grounds. These were likewise overruled, whereupon defendant entered his plea of not guilty. At the conclusion of all the evidence he moved for a directed verdict, which was denied, and the case was submitted to the jury upon instructions to which certain exceptions were saved by the defendant. The jury by its verdict found the defendant guilty on all three counts, upon which verdict the court entered its judgment sentencing the defendant to the United States Prison for four years on each of the three counts of the indictment, the sentences to run concurrently. From the judgment and sentence so entered defendant prosecutes this appeal and seeks reversal on substantially the following grounds: (1) the court abused its discretion in refusing to grant his motion for a bill of particulars; (2) the court erred in overruling his motion to quash and special demurrer; (3) the court erred in denying his motion for a directed verdict; (4) the court erred in receiving in evidence Exhibits 1 to 8 inclusive; (5) the United States Attorney was guilty of prejudicial misconduct in placing a number of unproven aliases in the caption and body of the indictment; (6) the court erred in refusing to give an instruction relative to the necessity for independent evidence to corroborate the extra judicial admission proved.

The motion for a bill of particulars is addressed to the sound discretion of the trial court and in the absence of an abuse of such discretion the court's ruling will not be reversed on appeal. Hartzell v. United States, 8 Cir., 72 F.2d 569; Bedell v. United States, 8 Cir., 78 F.2d 358. In his motion defendant requested that he be informed of the names of the persons whom it was claimed he intended to defraud. The statute provides that, "* * * whoever with unlawful or fraudulent intent shall transport or cause to be transported in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited * * * shall be punished," etc. 18 U.S.C.A. § 415.

The statute merely requires "unlawful or fraudulent intent." Such intent is specifically alleged in the indictment and characterizes the act of transportation. As a matter of pleading the indictment charged this intent and thus apprised defendant with reasonable certainty of the crime charged against him. Wolpa v. United States, 8 Cir., 86 F.2d 35. Under this statute, one might properly be found guilty of transporting an instrument, the transportation of which is forbidden by the statute, without proof that he had the intent to defraud any specific person, it being sufficient that he had the general intent to defraud any member of the public who might later become a victim to his fraud.

The demand for bill of particulars also requested that defendant be informed

828

whether the Government expected to prove that the defendant actually transported or caused to be transported the described securities, and if he caused them to be transported, the way, means and precise agency or person used in causing the transportation to be made. The indictment sufficiently advised the defendant of the charge against him and the particulars called for did not go to the description of the offense but called on the Government to advise the defendant as to its proof. The denial of this request was clearly proper and certainly not an abuse of discretion. Bedell v. United States, supra; Hartzell v. United States, supra. Likewise, the third request was properly denied as being within the court's discretion. By that request, defendant asked to be informed of the precise way and means it was claimed that the defendant did transport or cause to be transported.

■ The fourth matter on which more definite information was requested was whether or not in Counts 1 and 2 it was the claim of the Government that there ever was a genuine security called a U. S. Dollar Travelers Cheque or such a security known as a Circular Letter of Credit, as set out in Count 3 of the indictment. The denial of this request was not prejudicial. It called for no fact which might further describe the offense charged, but sought to have the Government disclose its contentions or theories with reference to the facts charged. It is clear from the reading of the indictment that the bank alleged to be the purported bank of issue was fictitious, and it was so stipulated during the trial. There could therefore be no genuine instrument. The denial of the motion for bill of particulars was not prejudicial error.

The sufficiency of the indictment was challenged by motion to quash and special demurrer. Section 414(b) 18 U.S.C.A. elaborately defines "securities," as the term is used in Section 415 of the Act. The term includes check, draft, traveler's check, letter of credit, evidence of indebtedness, and in general any instrument commonly known as security.

■ In each Count the particular instrument is embodied by attaching a photostatic copy of it. A "circular letter of credit," which is the kind of instrument described in the third count, is a letter of credit. Defendant contends that it is not complete. A letter of credit is a let-

ter authorizing one person to pay money or extend credit to another on the credit of the writer. It need not be in any particular form. Second Nat. Bank v. Columbia Trust Co., 3 Cir., 288 F. 17, 30 A.L.R. 1299. The third count alleges that the purported issuer, the Gotham Trust Company, was fictitious. All that was required was that some innocent person act upon the letter. It was complete as a letter of credit and was falsely made. As to the Travelers Cheques it is contended that they were not complete; hence, could not be unlawfully transported. A Travelers Cheque has the characteristics of a cashier's check of the issuing bank. As said by us in Mellon Nat. Bank v. Citizens Bank & Trust Co., 8 Cir., 88 F.2d 128, 132.

"It is a bill of exchange drawn by the issuing bank upon itself and is accepted by the act of issuance, and the right of countermand as applied to ordinary cheques does not exist as to it."

The purported Travelers Cheques alleged to be fictitious were payable to order when countersigned by Joseph L. Lewis, whose signature purported to appear on them. As the obligation created by the issuance of a Travelers Cheque is complete as against the bank when issued, even though requiring the signature of the one to whom issued, it constituted a security within the purview of the statute because falsely made.

■ It is also urged that the indictment is duplicitous because the defendant is charged in each count with falsely making, forging, altering and counterfeiting the security described. Manifestly, the words "altering" and "counterfeiting" could refer only to a crime based upon a preexisting genuine instrument. Forgery, however, does not necessarily carry such presumption but indicates that there is a genuine or real obligor in existence whose obligation has been simulated. To "falsely make" is a crime not of changing or forming an instrument to resemble an existing genuine instrument or to represent that it is the act of a genuine and existing obligor, but rather to make an instrument which has no original as such and no genuine maker whose work is copied, although in form it may resemble a type of recognized security. The allegations of each count refer to the Gotham Trust Company as fictitious. Defendant could not therefore construe

any count as alleging a crime other than a "false making." While the statute is disjunctive, the various acts made criminal may be charged conjunctively without making the pleading duplicitous. Troutman v. United States, 10 Cir., 100 F.2d 628; Wolpa v. United States, supra; Crain v. United States. 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097. Neither is there duplicity in the charge that defendant transported and caused to be transported. Wolpa v. United States, supra. Recognizing the established rule, defendant nevertheless contends that such rule involves an act of legislation and in effect creates a new crime. The charging of the various criminal acts in the conjunctive does not create a new crime. Defendant must be found guilty of some act prohibited by the statute, and he is as fully informed, being charged with knowledge of the rule, as if each separate act were stated singly in a number of counts.

We are of the view that there was no error in overruling defendant's motion to quash and his special demurrer.

The sufficiency of the evidence was challenged by defendant's motion for a directed verdict interposed at the close of all the testimony, and it is here urged that there was no substantial evidence sustaining the charges contained in the indictment. Defendant did not himself take the witness stand and offered no evidence except that of Harry G. Saint, a police officer of Council Bluffs, Iowa. There was testimony that the defendant came to the grocery store of one Arthur Grell, in Council Bluffs, Iowa, in November, 1939, and said that he was representing a man from Minnesota who wanted to buy Grell's business. The following day Grell named a price, whereupon defendant said that he would wire his principal. The next day when defendant returned, Grell told him he had invoiced and would have to have more money, whereupon defendant replied that he would wire his principal. Grell, for some reason, became suspicious and reported the matter to the police who arrested defendant. The circular letter of credit and the Travelers Cheques were found in his brief case in his possession following his arrest. There was also a packet of demand drafts in his car. Defendant admitted to the arresting officers that he did not know any bank by the name of Gotham Trust Company of New York and that the instruments were his. It was stipulated at the trial that the Gotham Trust Company of New York was fictitious. There was evidence that defendant said he did not cash in on these securities because they were spurious, and that he used them in connection with card playing; that by the letter of credit and Travelers Cheques, he established himself as a man who had means and could get into card games and confidence games. There was proof that on November 11, 1939, defendant wired money from Minneapolis, Minnesota, to Omaha, Nebraska, and the automobile which he had at Council Bluffs bore a Minnesota license in the name of a party by the name of Burton, of Minneapolis.

Without going into details, we are of the view that certain elements of the crime charged may be taken as established by substantial evidence. The gist of the offense, however, is the transportation of these described spurious instruments in interstate commerce. Having them in possession or even attempting to pass them as genuine was not a Federal offense under this statute. It was therefore of vital importance to prove that the instruments were transported or caused to be transported by someone in interstate commerce. This, being the corpus delicti, could not be presumed, nor could it be established by extra judicial declaration, confession or admission of the defendant. Tingle v. United States, 8 Cir., 38 F.2d 573; Ryan v. United States, 8 Cir., 99 F.2d 864; Gulotta v. United States, 8 Cir., 113 F.2d 683. The evidence shows that defendant admitted to peace officers that he had possession of the securities in Minneapolis in November, 1939, and that he borrowed an automobile from a Minneapolis party. It appeared from the evidence that he had the automobile and the securities in his possession in Council Bluffs, Iowa, in November, 1939. Had there been evidence independent of defendant's admission that he had possession of these securities in Minneapolis, this would have been sufficient corroborative evidence that he transported or caused to be transported the instruments from Minneapolis to Council Bluffs. Bruce v. United States, 8 Cir., 73 F 2d 972; Bennett v. United States, 70 App. D.C. 76, 104 F.2d 209. There was here, however, no evidence save his own admission that he had possession of these securities in Minneapolis, Minnesota, and

there is therefore lacking a vital link in the chain of circumstances by which it is sought to establish the transportation in interstate commerce. The corpus delicti includes not only the body or substance of the crime, but also the criminal means by which it was committed. The corroboration is not sufficient if it tends only to support the admission. It must embrace substantial evidence of the corpus delicti, though it need not in itself be sufficient proof of guilt. Forte v. United States, 68 App.D.C. 111, 94 F.2d 236, 244, 127 A. L.R. 1120; Gulotta v. United States, supra. The lower court properly announced this rule in its instructions to the jury, where it said:

"As you have been instructed the Government must establish beyond a reasonable doubt the transportation substantially as alleged in the indictment.

"There is no direct evidence of such transportation and it is the law that the statement by the defendant himself to a witness that he did so transport himself from Minneapolis, Minnesota, to Council Bluffs, Iowa, would not alone be sufficient. As in addition thereto there must be some corroboration not only of such transportation but of the transportation of the securities beyond that of his statement to some witness."

In Tingle v. United States, supra, we reversed because we could find no evidence of an independent nature corroborating the statements and admissions of the defendant. In Forte v. United States, supra, a conviction on a charge of transporting a stolen auto vehicle in interstate commerce was reversed because of the inconclusive independent evidence that defendant knowingly transported the automobile as a stolen vehicle. In that case, defendant admitted to the officers that he knew the car was stolen. He was driving it at the time. He offered a police officer $297 if he would let him go. The original District of Columbia tags, where the car was licensed, were not on it; New Jersey tags were on it, and other District of Columbia tags were in it, as well as Maryland tags. These were admittedly suspicious circumstances but the court held they were not sufficient to "point to knowledge on the part of the appellant that [the car] was stolen." In Gulotta v. United States, supra, defendant had been convicted for falsely representing himself to be a citizen of the United States for a fraudulent purpose. In reversing the case, this court, speaking through Judge Thomas, said [113 F.2d 686]:

"But the rule requires some such independent evidence, and it is conceded by the government that the record is barren of all such extrinsic evidence in this case, * *."

In the instant case we have carefully searched the record and find no evidence to show that defendant transported these securities from Minnesota to Iowa, except his own admission. His possession of them in Iowa would, of course, not prove that he transported them from any place in particular. There was no independent proof of the presence of these securities in Minnesota. Because of the lack of sufficient evidence of transportation, the court should have granted defendant's motion for a directed verdict.

We have examined the other contentions of defendant and are of the view that they are without merit.

The judgment appealed from is therefore reversed and the cause remanded with directions to grant defendant a new trial.

SANBORN, Circuit Judge (dissenting).

I am of the opinion that the evidence was sufficient to take the case to the jury and that the conviction of the defendant should be affirmed.

The law is that, unless corroborated by independent evidence of the corpus delicti, the extrajudicial admissions of a defendant are not sufficient to authorize a conviction, but the independent evidence need not be of itself sufficient proof of guilt and need only be a substantial showing which together with the defendant's admissions establishes the crime beyond a reasonable doubt. Gregg v. United States, 8 Cir., 113 F.2d 687, 690.

The defendant, when he was arrested at Council Bluffs, Iowa, on November 27, 1939, had in his possession the keys to the Minnesota automobile, which was then in Council Bluffs, and in which he had unquestionably come to Council Bluffs. Some of the spurious instruments which he was charged with transporting were on his person and some were in the car. He had a receipt from the Western Union Telegraph Company showing that on November 10, 1939, he had telegraphed from Minneapolis, Minnesota, $10 to D. Loftus at Omaha, Nebraska. There was other

evidence that the defendant had recently been in Minneapolis. From this independent evidence it could certainly be inferred that the defendant had recently transported himself and the Minnesota car from Minnesota to Iowa. The spurious instruments were of a kind not readily procurable. They were the working tools of a cheat and a crook. I think the evidence aside from the defendant's admissions warranted the inference that he was a craftsman of the underworld who had come into Iowa from Minnesota carrying with him the tools of his craft. Compare Berryman v. United States, 6 Cir., 259 F. 208; Lindsey v. United States, 4 Cir., 264 F. 94. When the admissions of the defendant, which were shown to be entirely voluntary, are considered in connection with the other evidence in the case, there can, I think, be no doubt of the sufficiency of the evidence to prove that the crime charged was committed and that the defendant committed it.