844

## UNITED STATES v. BUCKNER.
No. 14453.

District Court, E. D. Pennsylvania.
Aug. 4, 1948.

J. A. Geisz, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

Earl Chudoff, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Defendant was indicted and tried for secretion and embezzlement of mail while serving as a United States Postal employee. 18 U.S.C.A. § 318. After the government had concluded its case, defendant moved for a judgment of acquittal. Judgment was reserved, allowing defendant to press his objections again after the jury returned its verdict. The jury found defendant guilty and defendant now moves for judgment of acquittal or for a new trial.

Defendant's main contention is that the government's conviction rests upon an extrajudicial confession, which is not corroborated by sufficient independent evidence of the corpus delicti. Cf. Pines v. United States, 8 Cir., 123 F.2d 825; United States v. Washington, D.C., 69 F.Supp. 143. A close examination of the record in the instant case reveals this contention to be correct. Nowhere is there competent evidence that the article defendant is alleged to have secreted from the mails was ever placed into the mails at all. Cf. Naftzger v. United States, 10 Cir., 200 F. 494. Therefore, without going into the probative force of the confession itself, I feel that the government has not sustained its burden. Accordingly, it is unnecessary to consider the reasons urged for a new trial. An order of judgment of acquittal will be entered in accordance with this opinion.