**UNITED STATES of America,**
**Plaintiff,**

v.

**Richie T. MARTIN, aka Stuart Hayman,**
**Defendant.**

No. 3–71–Crim.–77.

United States District Court,
D. Minnesota,
Third Division.

April 12, 1972.

———◆———

Robert G. Renner, U. S. Atty., and Elizabeth A. Egan, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Thomson, Wylde & Nordby, Douglas W. Thomson, St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT,. Chief Judge.

Defendant was charged by indictment on July 25, 1971, with a four count violation of 18 U.S.C. § 2314.[1] Trial was held to the court with jury waived on March 28, 1972; the case was submitted on a stipulation of facts and the parties filed memoranda. The indictment charges that defendant unlawfully and with fraudulent intent caused to be transported from St. Paul, Minnesota, to New York, New York, traveler's checks bearing forged countersignatures.

The only issue for the court in light of the stipulation of facts is whether the evidence establishes a violation of 18 U. S.C. § 2314 as charged in the indictment. Specifically the court must determine whether one who signs and countersigns a stolen traveler's check with a fictitious name has violated Section 2314 insofar as it affixes liability upon, "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any traveler's check bearing a forged countersignature. . . ."

The procedural history of this case is somewhat unusual. Defendant was originally indicted for transporting falsely made and forged securities under the

---

1. This section covers the transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting in interstate or foreign commerce.

third paragraph of Section 2314.[2] Defendant moved to dismiss that indictment on the ground that the traveler's checks were not forged securities. The motion was denied but the government then moved to dismiss. The government motion was granted and defendant was subsequently reindicted under language reflecting the fourth paragraph of Section 2314.

Defendant now argues that the previous indictment was valid but urges that since the evidence shows both the first signature on each check and the countersignatures to be forged, the facts do not support the offense charged in the indictment; that is, the transportation of a traveler's check bearing a forged countersignature.

Although it is true that the prosecution could have proceeded under paragraph three of Section 2314 as these traveler's checks were forged securities within the meaning of that paragraph, Streett v. United States, 331 F.2d 151 (8th Cir. 1964); Rowley v. United States, 191 F.2d 949 (8th Cir. 1951), it is also true that they were traveler's checks bearing a forged countersignature within the meaning of the fourth paragraph of Section 2314. Defendant has cited no persuasive authority in support of his position that the court should read the fourth paragraph of Section 2314 to cover only the situation where the first signature is genuine and the countersignature is forged; nor in support of his position that the court should adopt the restrictive meaning of forgery he urges.

Defendant would have the court define forgery as it relates to an indictment returned under the fourth paragraph of Section 2314 to include only the, "simulation of something genuine,"

thus limiting the application of the section to the situation where the original signature on the instrument is valid.

In support of this definition defendant cites Pines v. United States, 123 F. 2d 825 (8th Cir. 1942). But defendant's reliance on *Pines* is misplaced. *Pines* indicates that the term "forgery" does not presuppose the existence of a genuine original signature but only presupposes that there be a genuine or real obligor whose obligation has been simulated. *See also*, Hall v. United States, 372 F.2d 603 (8th Cir. 1967), cert. denied, 387 U.S. 923, 87 S.Ct. 2040, 18 L.Ed.2d 979 (1967). Defendant in using an assumed and fictitious name with intent to defraud and in affixing this fictitious name not only as an original signature but also as a countersignature clearly created an instrument bearing a forged countersignature. When this instrument was unlawfully and fraudulently transported in interstate commerce an offense under the fourth paragraph of Section 2314 was made out. The fourth paragraph of Section 2314 is not limited to the situation where the original signature on the instrument is shown to be valid. Only a strained interpretation of Section 2314 would support such a determination.

Therefore, based upon the above analysis of the scope of Section 2314 and after a consideration of the stipulation of facts submitted, I find the defendant guilty of the offenses charged in the indictment. I adopt the stipulation of facts filed with the court as the findings required by Rule 23 of the Federal Rules of Criminal Procedure and order that the matter be referred to the probation office for presentence investigation. The defendant is to be notified later of the date of sentencing.

2. *See*, United States v. Martin, 3–70–Crim–77 (D.Minn.1970).