UNITED STATES of America

v.

Milton N. GIBBONS.

Crim. No. 77–113.

United States District Court,
E. D. Pennsylvania.

Sept. 21, 1977.

David W. Marston, U. S. Atty., Bonnie Brigance Leadbetter, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

George Gershenfeld, Steven E. Myers, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendant, Milton N. Gibbons, having waived a jury trial, was found guilty by the Court of falsely and willfully representing himself to be a citizen of the United States in violation of 18 U.S.C. § 911.[1] Defendant filed a motion for a new trial, upon which oral argument was heard. For the reasons hereinafter discussed, said motion will be denied.

### Sufficiency of the Evidence

■ In support of his motion for a new trial, defendant contends that the evidence was insufficient to support the verdict. Since such a ground is properly advanced in support of a motion for judgment of acquittal,[2] we have also considered defendant's motion as one for judgment of acquittal. The evidence produced at trial, viewed in a light most favorable to the Government,

Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed.2d 680 (1942); United States v. Armocida, 515 F.2d 29, 46 (3d Cir.), cert. denied, 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 84 (1975), is more than sufficient to support the Court's verdict of guilty. We summarize the evidence as follows:

The defendant was born in Jamaica on September 14, 1939. He first came to the United States in 1964 and has resided in Philadelphia since, though he has never applied for naturalization or citizenship and has never been naturalized or made a citizen. Defendant made a trip to Jamaica and returned to Philadelphia on September 20, 1977. Upon his arrival at Philadelphia International Airport, the defendant, as were all passengers, was required to go through immigration. There, defendant met immigration inspector William S. Slattery who questioned the defendant about his citizenship. The defendant responded that he was a citizen of the United States, that though he had not been born in the United States, he had become a citizen "in the courts." To substantiate this claim, defendant presented a Pennsylvania driver's license and a voter's registration card. Slattery asked the defendant to wait in another booth while he finished processing the other incoming passengers. Slattery then returned to the defendant and explained to him that he had difficulty believing that the defendant was a United States citizen. Thereupon, defendant admitted that he was not a United States citizen and that he had never been naturalized through the courts. Slattery questioned the defendant to determine whether he might have derived citizenship through his parents. He satisfied himself that neither of defendant's parents were born in the United States, nor ever had been United States citizens, and therefore that the defendant could not have derived citizenship through either of his parents. Slattery informed the defendant that since he was not a citizen, and did not have proper documentation, he would not be admitted to the country.

1. 18 U.S.C. § 911 provides:

Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined not more than $1,000 or imprisoned not more than three years, or both.

2. Fed.R.Crim.P. 29(c).

Inspector Slattery then sent for Stephen J. Britt, a criminal investigator for the United States Immigration and Naturalization Service. Britt read the defendant his *Miranda* warnings, and then began to question the defendant. When asked whether he wanted to make a statement, the defendant stated that he did. Britt typed the statement, read it to the defendant, and the defendant signed it. In the statement, the defendant admitted that he was a citizen of Jamaica, and that he had told Inspector Slattery that he was a naturalized United States citizen, and that he did not wish to make a claim to United States citizenship.

Defendant contends that the Government failed to establish that he was not a citizen of the United States at the time that he made his statement to Inspector Slattery. The parties stipulated that the defendant (1) was born in Jamaica in 1939, (2) had never applied for naturalization or citizenship, and (3) had never been made a citizen by any court of the United States. In addition, Mr. Slattery testified that he had questioned the defendant about his parents' citizenship and nationality to determine whether the defendant might have derived United States citizenship from either of them, and was satisfied from the defendant's responses that the defendant had not derived United States citizenship through either of them. The Court is convinced beyond a reasonable doubt that the Government has met its burden of showing that the defendant falsely and willfully represented himself to be a citizen of the United States.

■ The defendant next contends that the Court erred in admitting his statement made to Inspector Britt that he falsely claimed United States citizenship because there was no "independent corpus delicti to corroborate said statement." *See Gulotta v. United States*, 113 F.2d 683, 685 (8th Cir. 1940). Defendant's statement was amply corroborated within the meaning of *Opper v. United States*, 348 U.S. 84, 92, 75 S.Ct. 158, 99 L.Ed.2d 101 (1954), and *United States v. Wilson*, 436 F.2d 122, 124 (3d Cir.), *cert. denied*, 402 U.S. 912, 91 S.Ct. 1393, 28

L.Ed.2d 654 (1971). As the Supreme Court stated in *Opper*,

. . . the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense.

*Id.* at 93.

There is substantial independent evidence to corroborate the defendant's statement or confession that he falsely represented himself to be a United States citizen. As we have heretofore pointed out, immigration inspector Slattery testified that the defendant had represented himself to be a United States citizen. The parties stipulated that the defendant was born in Jamaica, had never applied for naturalization or citizenship, and had never been made a citizen by any court of the United States. Finally, Slattery satisfied himself through questioning the defendant that the defendant did not derive United States citizenship through either of his parents. Moreover, even if we found that the defendant's statement had not been sufficiently corroborated to allow its introduction, the independent evidence introduced by the Government was sufficient for us to find beyond a reasonable doubt that the defendant falsely and willfully represented himself to be a citizen of the United States.

Defendant's final contention is that the Court erred in denying his motion to suppress the statement he gave to Inspector Britt at the Philadelphia International Airport on February 20, 1977 in that: (1) the defendant was not given his *Miranda* warnings prior to the interrogation; (2) that he did not fully understand the implications of the warnings; and (3) that he was not taken before a magistrate until 36 hours after his arrest. All of these contentions are without merit.

Inspector Britt testified that he had given the defendant his *Miranda* warnings prior to questioning the defendant. This testimony was corroborated by that of Inspector Slattery and by the defendant's signed confession.

To determine the defendant's understanding of the statement which he signed, his counsel had him read the confession to the Court, which he was able to do with ease. When asked whether he understood the statement, the defendant testified that he did not understand the phrase "used against me". He never asked to have the phrase explained, and at the time of signing, he acknowledged to Inspector Britt that he had read and understood the statement. The Court finds that the defendant understood his constitutional rights and knowingly and intelligently waived his right to remain silent and to have counsel present.

Defendant's confession was not rendered involuntary merely because he was not taken before a magistrate until thirty-six hours after his arrest. 18 U.S.C. § 3501 provides guidance for a court in determining whether a confession has been voluntarily given and should be admitted into evidence:

> (b) The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

The presence or absence of any of the abovementioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

The period of delay between the time of the accused's arrest and his or her appearance before a magistrate is simply one fact that a trial judge must consider in determining the voluntariness of a confession. *United States v. Crocker,* 510 F.2d 1129, 1138 (10th Cir. 1975); *United States v. Ortega,* 471 F.2d 1350, 1362 (2d Cir. 1972), *cert. denied,* 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973). Here, defendant was interrogated for no more than two hours following his being taken into custody. His confession was made freely and knowingly, and there is no allegation that he was in any way coerced, or that the confession was the result of the thirty-six hour delay. In fact, defendant made the statement within the first two hours that he was taken into custody. Prior to making the statement, the defendant was informed of the offense which Inspector Britt suspected the defendant to have committed and of the potential consequences of the violation. Furthermore, the defendant had been advised of his constitutional right to remain silent and to have the assistance of counsel. The Court finds that the confession was voluntarily given and was properly admitted into evidence. *See United States v. Davis,* 532 F.2d 22, 26 (7th Cir. 1976).

Accordingly, defendant's motion for a new trial and/or judgment of acquittal will be denied and the attached Order is entered:

### ORDER

AND NOW, this 21 day of September, 1977, upon consideration of defendant's motion for a new trial and/or judgment of acquittal, it is hereby ORDERED that said motion is DENIED.