THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN SOVETSKY, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. CRIMINAL LAW—*what is proper search and seizure of property alleged to have been stolen.* Where officers arrest a party under circumstances sufficient to justify a suspicion that he is receiving stolen property and at the same time discover other property about the premises which appears to have been stolen, it is proper for the officers to remain in control of the premises until a proper search warrant is obtained to ascertain whether the property of any particular person is on or about the premises, and where such warrant is obtained and the party swearing out the warrant is able to identify any of his property it may be seized and used as evidence.

2. SAME—*when a charge of receiving stolen property is not proved.* Before there can be a conviction of one accused of receiving stolen property, it must be proved, beyond a reasonable doubt, that the property in question was stolen property when the accused bought it; and a charge that the defendant purchased a large number of suits of clothes which had been stolen from a particular party is not established where there is no proof that any item of the property in the defendant's possession had been stolen from the party alleged, although the circumstances indicate that some or all of it had been purchased from thieves.

3. SAME—*what is not a confession—instruction.* A confession is a voluntary admission or declaration by a person of his agency

or participation in a crime, and an acknowledgment of facts merely tending to establish guilt is not a confession but only an incriminating admission, and where such admission is made without any intention to confess guilt and there is no evidence of any confession it is error to instruct the jury as to when a conviction may be had on a confession.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

STEWART & O'BRIEN, (CHARLES E. ERBSTEIN, and CHARLES P. R. MACAULAY, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, CLARENCE E. NELSON, and CHARLES J. MUELLER, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, John Sovetsky, was convicted in the criminal court of Cook county of the crime of receiving stolen property and sentenced to the penitentiary.

About one o'clock A. M. June 7, 1925, four police officers who were passing in an automobile saw a truck in the alley at the rear of Sovetsky's store, in the city of Chicago. They drove into the alley to investigate and found two trucks there, both loaded with cases of cigarettes. About fifty cases had been removed from one truck and placed in Sovetsky's garage. As the police approached two men ran away. In the garage they found Sovetsky, dressed in trousers, undershirt and slippers. He told them he had heard a noise in his garage and that he got out of bed and came down-stairs to investigate. When he was placed under arrest he asked permission to go to his room to dress. The officers took him to the second floor, where he lived, and while there they saw in a room off the kitchen about

200 silk dresses, some sealskin coats, ladies' dress coats, men's overcoats and about twenty-five boxes of silk stockings. In the tailor shop down-stairs they found about 1000 suits of men's clothing. Some were on racks and some tied in bundles piled in the room. There were also bundles of men's shirts and underwear and a large number of shoes. When asked where he got this property Sovetsky replied that he had bought it. About three weeks before Sovetsky's arrest the clothing store of Matthew Golden had been entered in the night-time and about 800 suits of men's clothing stolen therefrom. After Sovetsky's arrest an officer was left in charge of the place while another officer brought Golden to Sovetsky's store to see if he could identify any of the suits as those stolen from his store. After Golden had examined some of the suits he went with an officer and procured a search warrant, after which Golden returned to Sovetsky's place of business and selected 108 suits which he said belonged to him. One of these suits was offered as an exhibit at the trial. After he was taken to the police station Sovetsky made a statement, in which he said that he had bought clothing from different people between the holidays and May 1. According to his statement he made his last purchase about five weeks before his arrest. He admitted that the suits were delivered to him under circumstances which caused his wife to warn him that the suits might be stolen property and that he might get into trouble for buying them.

The first point of plaintiff in error is that the court should have quashed the search warrant and ordered the property seized under it returned to him. A petition to this effect was filed before trial. This petition does not describe any property and is so indefinite that the court could not have entered an order upon it. The argument of the attorneys for plaintiff in error is that the officers obtained by an illegal search the information upon which they based their complaint for a search warrant, and therefore the sub-

sequent procurement of the warrant did not make the search of the premises legal. The record does not show that the information was obtained by the officers illegally. They arrested Sovetsky under circumstances which indicated that he was receiving stolen property, and while they were making the arrest they saw other property about his premises which looked as if it might be stolen property. Finding these conditions it was proper for the officers to remain in control of the premises until a proper search warrant could be obtained to ascertain whether the property of any particular person was in the store. When Golden told the officers that he could identify his suits they required him to procure a search warrant before permitting him to select the suits which he claimed were his. The petition to return the property taken under the search warrant was properly denied.

The only effort made on the trial to identify any of the property found at Sovetsky's premises was the attempt to identify one of the suits which Golden claimed had been stolen from his store May 14. It was a suit made by the Silver Stripe Company and he attempted to identify the suit by its lot number. There were no marks on the suit which identified it from any other suit of the Silver Stripe Company bearing the same lot number. A clothing salesman who had been selling clothing for about fifteen years testified that no one could identify the suit of clothes offered as an exhibit; that thousands of such suits were sold in Chicago, and that there was nothing to distinguish the suit offered as an exhibit from other suits of the same color, model and size. Before there can be a conviction of one accused of receiving stolen property it must be proven, beyond a reasonable doubt, that the property in question was stolen property when the accused bought it. While there are circumstances which indicate that some or all of the property in Sovetsky's possession had been purchased from

thieves, there is no credible evidence that any item of property on his premises was property stolen from Golden. The indictment charges that he bought 800 suits of clothes which had been stolen from Golden, but this charge has not been proven.

After his arrest Sovetsky made a number of statements to the officers containing incriminating admissions, but he did not admit that he had knowingly purchased stolen property. The statements made by him were not a confession. A confession is a voluntary admission or declaration by a person of his agency or participation in a crime. It is an acknowledgment of guilt and not of mere incriminating facts. An acknowledgment of facts merely tending to establish guilt is not a confession but only an incriminating admission. It may be made without any intention to confess guilt. (*People* v. *Kircher,* 309 Ill. 500.) Notwithstanding plaintiff in error did not confess his guilt of the crime charged against him, the court gave to the jury two instructions to the effect that a conviction may be had upon a confession where the jury is satisfied that the accused has voluntarily confessed his guilt and that his confession is true. Instruction No. 11 given is exactly the same as instruction No. 9 given in *People* v. *Stapleton,* 300 Ill. 471. There is nothing in this record to justify the giving of these instructions. The jury undoubtedly understood they referred to the admissions. To characterize the statements of the accused as a confession was serious and prejudicial error.

The judgment is reversed and the cause remanded to the criminal court of Cook county for a new trial.

*Reversed and remanded.*