**People of the State of Illinois, Defendant in Error, v. Jo Anne Sowell, Plaintiff in Error.**

**Gen. No. 64-36.**

Second District.
March 2, 1965.

111

Peter S. Switzer, of Rockford (Peter S. Switzer, of counsel), for defendant, and plaintiff in error.

William R. Nash, State's Attorney, of Rockford (William H. Snively, Assistant State's Attorney, of counsel), for defendant in error.

MORAN, J.

The defendant was convicted of murder and sentenced to a term of twenty years. She appealed to the Supreme Court, which transferred the cause to this court for decision.

The defendant had been residing for some time with one James Walker, for whom she worked as a harlot. May 19, 1961, was the defendant's birthday, and a party was held in honor of the occasion at the apartment in Rockford which she occupied with Walker. The defendant and Walker had been arguing before the guests arrived, and the argument became more heated as the evening wore on. They eventually repaired to the bedroom, where they began calling each other names which are best left to the imagination of the reader. According to the defendant, Walker then pinned her to the bed, held a knife to her throat, and threatened to kill her. Further conversation ensued, and the defendant finished undressing. It appears that defendant then referred to Walker in strong vulgar terms. According to the defendant's statement, hereinafter discussed, Walker then started toward a cabinet in the bedroom where defendant knew he kept a gun. The defendant also ran to the cabinet, arriving

at the same time as Walker. They both reached for the gun, which was in a holster. Walker got the holster and defendant got the gun. She shot Walker several times, as a result of which he died.

It was the defendant's position at the trial that she shot Walker in self-defense. She contends that two of the instructions given by the court tended to prejudice this defense. Instruction No. 8 was as follows:

"The Court instructs the Jury as a matter of law that malice is not confined to ill-will toward an individual but is intended to denote an action, flowing from any wicked and corrupt motive—a thing done with a wicked mind, when the act has been attended with such circumstances as evince plain indications of a heart regardless of social duty and fatally bent on mischief.

"Hence malice is implied from any deliberate or cruel act against another, however sudden, which shows an abandoned and malignant heart; and if the jury find from the evidence beyond a reasonable doubt that the defendant, Jo Anne Sowell, committed a deliberate and cruel assault upon the said James Walker, a/k/a Jimmy Walker, however sudden, which showed an abandoned and malignant heart on her part, then the jury would be warranted in finding that she committed such assualt and acts with malice within the meaning of the law."

██ Defendant argues that Instruction No. 8 allows the jury to find the defendant guilty if she deliberately shot the deceased, without reference to whether the act was necessary in self-defense. This same instruction was challenged on the same grounds in People v. Horton, 4 Ill2d 176, 185–187, 122 NE2d 214 (1954), and the court held that so long as other instructions

113

■

were given which adequately covered the law of self-defense, this instruction was not error. We have examined the other instructions in this case, and we find that they do adequately cover the question of self-defense. Therefore, on the authority of the Horton case, it was not error to give Instruction No. 8.

■ The defendant also complains of Instruction No. 9, which was as follows:

> "The Court instructs the Jury, as a matter of law, that the words, 'malice aforethought' do not necessarily imply the lapse of a considerable time between the malicious intent to take life and the actual execution of that intent; whether the design to effect death was formed on the instant or had been previously entertained is immaterial, for the malicious killing, if proven by the evidence beyond a reasonable doubt, in either case is murder under the laws of this State."

This instruction was also attacked in People v. Horton, supra, and, again, the court held that the instruction was not error, so long as other instructions adequately presented the theory of self-defense. Accordingly, we hold that it was not error to give this instruction.

Defendant complains of certain isolated remarks by the trial judge which allegedly prejudiced her in the eyes of the jury. We have studied these remarks in their context, and we do not find any impropriety on the part of the court.

■ Defendant also complains of the consumption of liquor by the jurors during their deliberations. She attempts to do this by including in her abstract copies of bar bills from the restaurant where the jurors had their meals. The bills are modest, and indicate, at most, the consumption of a small quantity of liquor. None of the circumstances of the matter are preserved

114

in the record, since this issue was not raised at any time in the court below. Therefore, there is nothing for this court to decide.

■ The defendant contends that the evidence was insufficient to establish the crime of murder beyond a reasonable doubt. Her theory is that the uncontradicted evidence shows the shooting to have been an act of self-defense. While we have not reviewed all of the evidence in this opinion, suffice it to say that we think the matter of self-defense was properly a jury question in this case.

Having said all of this, we must still reverse and remand the case for a new trial. We believe that the court committed prejudicial error in giving the following instruction:

> "The Court instructs the jury, as a matter of law, that a free and voluntary confession by a person accused of crime, whether made before or after arrest, if proved beyond a reasonable doubt, and if there is evidence that the crime has been committed by someone, may be sufficient to warrant a conviction without other corroborating evidence."

The defendant had given a written statement to the police after her arrest in which she detailed the events which led to the shooting of Walker. She described their argument, the incident on the bed involving the knife at her throat, his threat to kill her, the race to the cabinet ("I knew he had a gun in this closet and I thought he was going to get it"), and the shooting itself. The statement concluded with the following: "At the time I shot Jimmy Walker I knew what I was doing and I felt that he deserved to be shot. I knew when I shot him I would go to prison for it, but at the time I did not care and I am glad that I shot him."

This statement was typed by a policewoman and signed by the defendant.

Defendant admits that the statement contains incriminating material. However, she contends that it does not amount to a "confession," and that the court erred, therefore, in giving the above-quoted instruction concerning a "confession."

People v. Stapleton, 300 Ill 471, 475, 476, 133 NE 224 (1921), was a murder case in which the defendant had given written and oral statements admitting the shooting, but in which he stated that the deceased had threatened him, and had been holding a gun at the time defendant shot him. At the trial, the defendant interposed the claim of self-defense. The trial court gave an instruction identical to the one we are considering in this case. The Supreme Court held that the defendant's statement did not amount to a confession, and that the instruction was, under those circumstances, reversible error:

> "There was nothing to which these instructions could apply except the testimony of the policemen and the written statement which the court advised the jury would justify a verdict of guilty. Neither the statement as testified to by the policemen nor as written down and signed by the defendant amounted to a confession, which is a voluntary declaration by a person charged with crime of his agency or participation in the crime, and not merely a declaration or admission of facts criminating in their nature or tending to show guilt. It is limited in its meaning to the commission of a criminal act and is an acknowledgment or admission of participation in it."

In People v. Sovetsky, 323 Ill 133, 137, 153 NE 615 (1926), the defendant was convicted of receiving stolen property and, on appeal, challenged the

same instruction that was given in the instant case. Again, the court held that, where the incriminating statements do not amount to a confession, it is reversible error to give such an instruction:

"After his arrest Sovetsky made a number of statements to the officers containing incriminating admissions, but he did not admit that he had knowingly purchased stolen property. The statements made by him were not a confession. A confession is a voluntary admission or declaration by a person of his agency or participation in a crime. It is an acknowledgment of guilt and not of mere incriminating facts. An acknowledgment of facts merely tending to establish guilt is not a confession but only an incriminating admission. It may be made without any intention to confess guilt. (People v. Kircher, 309 Ill 500.) Notwithstanding plaintiff in error did not confess his guilt of the crime charged against him, the court gave to the jury two instructions to the effect that a conviction may be had upon a confession where the jury is satisfied that the accused has voluntarily confessed his guilt and that his confession is true. Instruction No. 11 given is exactly the same as Instruction No. 9 given in People v. Stapleton, 300 Ill 471. There is nothing in this record to justify the giving of these instructions. The jury undoubtedly understood they referred to the admissions. To characterize the statements of the accused as a confession was serious and prejudicial error."

See also, People v. Spranger, 314 Ill 602, 614, 145 NE 706 (1924); People v. Stanton, 16 Ill2d 459, 465–467, 158 NE2d 47 (1959). It is clear that, to constitute a "confession," a statement must admit all necessary elements of the crime. One of the elements of murder is a lack of legal justification for the killing. The

117

statement given by the defendant in this case does not admit this element. On the contrary, it recites facts from which it could reasonably be inferred that defendant shot the deceased in self-defense. While the statement does not say, in so many words, that the defendant thought at the time that it was necessary to shoot the deceased in order to protect herself, neither does it say that the defendant did *not* think this. The possibility that she may reasonably have thought it is implicit in the statement. We do not mean to say that a requisite of a confession is that it negate every possible defense that might be contrived as an ingenious afterthought. However, where the statement itself includes facts which tend to indicate the existence of a defense, it cannot be said that the statement constitutes an admission of all necessary elements of the crime.

It is true that the defendant's statement admitted that she knew what she was doing when she shot Walker. However, this is not inconsistent with the claim of self-defense, but, on the contrary, is entirely consistent with it. As to the defendant's remark that she was glad she shot Walker, this, again, while not commendable, is not inconsistent with her defense. The statement that she knew she would "go to prison for it" is a little more troublesome. If it stood alone, it would be entitled to more weight than we are inclined to give it. However, against the background of the violent events that led to the shooting, we do not think that this remark in the statement prepared by the policewoman is sufficient to turn the entire statement into a confession. To reach such a result, we would have to interpret the remark to mean that other parts of the statement were untrue, or that, despite the truth of the remaining portions of the statement, the defendant still knew that she was not in sufficient danger to justify the shooting of Walker. We do not

think the remark is clearly subject to either interpretation. It is at least equally reasonable to conclude from the remark that the defendant simply did not appreciate the legal significance of the other events which, according to her statement, immediately preceded the shooting. In any event, the statement, taken as a whole, cannot be considered an unqualified admission of all elements necessary to make the defendant guilty of the crime of murder.

In this case the defendant had, at the very least, a colorable claim of self-defense. In calling the defendant's statement a "confession," the court may well have discouraged the jury from making a close analysis of what it was the defendant actually had said. We cannot conclude, therefore, that the defendant was not prejudiced by this instruction. Accordingly, the case is reversed and remanded for a new trial.

Reversed and remanded.

ABRAHAMSON, P. J. and CARROLL, J., concur.