People of the State of Illinois, Plaintiff-Appellee, v. Nicholas Uselding (Impleaded), Defendant-Appellant.

Gen. No. 51,754.

First District, Third Division.

June 29, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Frederick F. Cohn, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Ronald Sandler, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a nonjury trial the defendant Nicholas Uselding was convicted of burglarizing an apartment and was sentenced to serve from one to ten years in prison. The only issue is that of reasonable doubt. The facts follow.

Ann Filkins, a resident of the apartment building, testified that on the day in question she saw the defendant, his brother Thomas and Doreen Uselding enter the building which was later burglarized. A short time later she saw all three leaving in a car which the defendant acknowledged belonged to him. Nothing was taken from the apartment at that time. Thomas Uselding testified on behalf of his brother and undertook to explain the presence of Nicholas and Doreen at the crime. He testified that he went to the apartment to see a former employer, known to him only as Frank, for the purpose of getting employment. Since he could not read, he brought Doreen and the defendant along to see if the name "Frank" appeared beneath any of the doorbells in the building. Thereafter he drove defendant to a pool hall and drove Doreen to Irving Park Road and State Street (a nonexistent location). He then returned to the apartment alone and burglarized it.

Thomas and Nicholas were arrested as they approached the defendant's car at 95th Street and Genoa. In the car police found a wrench containing metal and plastic particles similar in composition to the doorknob of the burglarized apartment. The defendant Nicholas was wearing a ring taken in the burglary and had a glove in his pocket which was also identified as having been taken in the burglary. This was sufficient evidence to warrant a finding of guilty beyond a reasonable doubt.

The only remaining question is whether Thomas Uselding's testimony that he committed the crime without assistance raises a reasonable doubt as to defendant's guilt. Defendant contends that the State should not be allowed to rely on the confession to establish the guilt of Thomas Uselding and then reject that portion of it which exonerates the defendant. In support of this, counsel cites People v. Fox, 319 Ill 606, 150 NE 347, in which the court stated (pp 609–610):

> "A free and voluntary confession is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt, and therefore it is admitted as proof of the crime to which it refers."

■ Judicial confessions are accorded high probative value because they are statements which damage the natural interests of the declarant. Nonetheless, a confession is not conclusive proof of every statement therein made. It must be weighed in the same manner as other evidence. The testimony of Thomas Uselding is not necessarily entitled to great weight. His testimony regarding his brother's whereabouts could as easily have been motivated by self interest or family loyalty as by "the strongest sense of guilt."

■ Where a case is tried without a jury, it is the function of the trial court to determine the credibility of the witnesses and to evaluate conflicting evidence,

and a conviction based thereon will be reversed on review only where the evidence is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt of the defendant's guilt. People v. Washington, 27 Ill 2d 104, 187 NE2d 739; People v. Smith, 57 Ill App2d 74, 206 NE2d 463. The trial court heard the testimony and observed the witness. The sequence of events described by Thomas Uselding was involved and improbable in many respects. The evidence supports the finding of the trial court that defendant was guilty beyond a reasonable doubt.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.