**People of the State of Illinois, Plaintiff-Appellee, v. Robert Cletus Ward, Sammy Gene Baker, and Le Grand Hatfield (LeGrand Hatfield, Impleaded), Defendants-Appellants.**

Gen. No. 68–86.

Second Judicial District.

December 18, 1968.

Miller, Hickey, Collins, Gilbert & Powers, John P. Graves, Jr., and Gilbert, Powers & Graves, of Rockford, for appellants.

William R. Nash, State's Attorney, of Rockford, and Keith S. Morse, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant, LeGrand Hatfield, was sentenced to the Illinois State Penitentiary at Joliet for a period of not

less than two nor more than seven years, having been found guilty of Armed Robbery by the Circuit Court of Winnebago County. The case had been submitted to the court on a plea of not guilty with a trial by jury waived.

The questions presented for review are whether the verdict was a result of the consideration by the court of incompetent evidence, prejudicial to defendant, and whether there was sufficient evidence to sustain the conviction.

LeGrand Hatfield was a licensed pharmacist in the State of Illinois. In 1961 he had been committed by his subsequently estranged wife to the East Moline Hospital as an alcoholic. Within two weeks after his discharge, he apparently returned to excessive use of alcoholic beverages.

On August 17, 1962, defendant purchased a gun. This gun was introduced as an exhibit by the People in the trial below. On August 22, 1962, a tavern known as the Tenstopet, located in Winnebago County, was robbed at gunpoint by one Sammy Gene Baker. The evidence shows that the defendant, LeGrand Hatfield, had met Sammy Gene Baker earlier on the evening of August 22 at a tavern known as the Huddle Inn. A considerable amount of alcohol was consumed by defendant at that tavern. Defendant and Baker went from there to the Rockford Tap, where additional alcoholic beverages were consumed by both parties. At some point during the evening Robert Cletus Ward joined the defendant and Baker. From the Rockford Tap the three went to the Tenstopet in defendant's car which defendant drove. He parked the car about a half block away. When they arrived, Baker left the car, entered the tavern and, at gunpoint, demanded and received the money in the cash register. The defendant and Ward stayed in the car. Baker returned to the car and told the defendant to start moving. A police vehicle in the vicinity of the Tenstopet at the time of the robbery short-

404

ly thereafter stopped defendant's automobile. Ward was found to have a large amount of money in his possession. The police also found in the car the gun which defendant had purchased several days prior. The gun was loaded.

Defendant signed a statement on August 23, 1962, while in the custody of the police in the City of Rockford. The substance of the statement was that he, Ward and Baker had been drinking together on the night of August 22, that:

> ". . . We got to talking and decided to go out to the Tenstopet tavern and hold up the place. I had a gun that I had bought at Stern's Pawn Shop on West State Street. It is a .32 cal. automatic with serial number 89161. I bought this gun last week. We were going to use this gun to hold up the Tenstopet. I had a clip full of shells and the gun was loaded . . . ."

The statement further indicated the defendant drove his car to the tavern; that Baker took the gun, went into the tavern and, some 20 minutes later, returned and said, "Let's go."

After a bench trial, the court rendered judgment finding defendant guilty of having participated in this armed robbery. A petition for probation was denied, and at the time of sentencing, the court asked the defendant if he had anything to say before the sentence was passed. The defendant replied that he didn't know anything about the crime until after it had been committed. The court responded that it felt from the evidence that he had been a party to the robbery; that it was his car and his gun. The court further stated:

> ". . . I think there was another robbery . . . committed by the same parties under the same circumstances, but which I am not considering here."

Sentence was then pronounced.

The written statement signed by defendant on August 23, 1962, was admitted into evidence without objection by defendant's counsel. The defendant takes the position that without the statement there is insufficient evidence to find him guilty and that because of his intoxicated condition, little or no weight should be given to this statement. It appears from the record that within a day or two after giving this statement and after being transferred to the County Jail, defendant became unconscious and remained so for four days, suffering from delirium tremens.

An employee of the tavern testified that Baker came in and at gunpoint demanded and received the available money. The evidence further discloses that defendant and Ward stayed in the car and that when Baker returned, he told defendant to start moving. The robbery took approximately 20 minutes. A police officer testified that he was cruising in a squad car in the vicinity of the Tenstopet tavern when he received a call that a robbery was in progress. He said that as he approached the tavern he saw someone come out and get into a parked and waiting car. The car drove off and was stopped by the police within three blocks of the tavern.

Defendant first contends that the statement signed by him is a statement and does not constitute a "confession," as it does not contain all of the necessary elements of the crime. Defendant urges that the statement does not explicitly state that while Baker was in the tavern he committed the offense charged. We agree that a confession must admit all the necessary elements of the crime. People v. Sowell, 56 Ill App2d 110, 117, 205 NE2d 487. We do not deem it necessary, however, to determine whether the statement made by the defendant constitutes a confession, for we cannot agree with defendant's next contention, that since it is only a statement and since defendant is a known alcoholic who had been drink-

ing heavily on the day of the crime, the trial court should have disregarded this statement. The evidence before the trial court was that the defendant purchased a gun several days before the robbery, that on the day of the robbery he and two companions, after considerable drinking, decided to rob the Tenstopet tavern and that Baker, using the defendant's gun, went in and committed the robbery. We do not find that defendant's admissions stand alone as evidence against him in this case. The Supreme Court in People v. Mowry, 6 Ill2d 132, 138, 126 NE2d 683, stated:

> "They are, rather, supported and augmented by evidence both direct and circumstantial, as previously related. Evidence of either quality, being competent to prove the essential elements constituting the crime of receiving stolen goods, (citation omitted) must also be deemed competent to support the admissions of one so charged. The same may be said of defendant's argument that proof of the corpus delicti is based solely upon his admissions. While a mere naked confession or admission is not sufficient to convict, it is not essential that the corpus delicti should be established by evidence independent of that which tends to connect the accused with its perpetration. The same evidence which tends to prove the one may also tend to prove the other, thus permitting the existence of the crime and the defendant's guilt to stand inseparably on one foundation of evidence. (Citation omitted.) It matters not that such a foundation is composed of circumstantial evidence. (Citation omitted.) When the proof in the record, previously discussed, is evaluated in these terms, it is apparent that all the evidence is sufficient to establish each and every element of the corpus delicti."

A reviewing court should not reverse a conviction founded on the decision of the trial court unless the evidence is

"so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt of the defendant's guilt." People v. Uselding, 85 Ill App2d 323, 326, 230 NE2d 1. We are of the opinion that the evidence in the case at bar is sufficient to sustain the determination of the trial court.

Secondly, the defendant urges that the conviction be set aside because the trial judge considered improper evidence. At one point the trial judge asked the State's Attorney if the defendant had a prior record. The reply was, "Yes, but not involving a felony." Next, just prior to sentencing, the court made the statement concerning the question of a prior robbery, which the court specifically stated it was not considering in the sentence it was about to impose. Defendant relies heavily upon the case of People v. Smith, 38 Ill2d 237, 240, 231 NE2d 185. In that case the question was whether it was prejudicial to admit testimony that the defendant was a user of narcotics. The trial court held that this evidence was admissible as it went to the credibility of the defendant. The Supreme Court in reversing held that obviously the trial court had considered the evidence. In that case the court stated at page 240:

> "But we are unable to agree with the appellate court's statement that 'We have reviewed the record and found that the trial judge did not give weight to the evidence relating to the defendant's use of narcotics in arriving at his judgment . . . .' The trial judge admitted the evidence on the ground that it 'goes to the credibility of the witness,' and we have found nothing in the record to suggest that he did not consider it for that purpose."

██ ██ From our review of the record before us, it is our conclusion that there was no prejudicial error and that the proof was sufficient, if believed by the trier of the fact, to support the conviction. Where a jury trial is waived, the determination as to where the truth lies is the

obligation of the trial judge. It often has been held that the finding of the trial court must stand unless the reviewing court can say that the proof is so unsatisfactory as to justify the reviewing court to entertain a reasonable doubt of defendant's guilt. We, therefore, will not disturb the decision of the trial judge. People v. Perkins, 26 Ill2d 230, 235, 186 NE2d 330.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.