THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM J. CARTWRIGHT, Defendant-Appellant.

(No. 13025;

Fourth District—November 6, 1975.

Richard J. Wilson and Joshua Sachs, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall, and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant was convicted by a jury of forgery and received a sentence of two to six years' imprisonment.

He appeals, raising two contentions. The first is that the trial court erred in giving a confession instruction and refusing an admission instruction. The second issue is a question of excessiveness of sentence.

At trial Roger Goodwin testified that he was an employee of the Food Center. On January 15, 1974, a man identified by Goodwin as defendant, handed the check in question to Goodwin for it to be cashed. The check, as presented, was made out to defendant, signed by M. P. Quandahl as payor, drawn upon the account of M. P. Auto Sales. It was dated January 15, 1974, for the amount of $98.75. Goodwin, having been notified by another store that several checks had been stolen from M. P. Auto Sales, detained defendant for the police. M. P. Quandahl testified that the signature on the check was not his and that he had not made any such check.

Two police officers testified that defendant was given his *Miranda* warnings and thereafter made a statement. The statement, in substance, was that his wife wrote the check, and defendant went into the store and attempted to cash it but the employee of the store caught him and held him for the police.

Over defendant's objection, the trial court gave IPI—Criminal No. 3.07, the instruction on confessions. The judge also refused to give defendant's tendered instruction on admissions, IPI—Criminal No. 3.06.

It has been considered prejudicial error to give a confession instruction when defendant's statements constituted only admissions. *People v. Sovetsky,* 323 Ill. 133, 153 N.E. 615.

> "A confession is a comprehensive admission of guilt or of facts which necessarily and directly imply guilt."

*People v. Rollins,* 119 Ill.App.2d 116, 131, 255 N.E.2d 471, 478.

Forgery is defined as:

> "A person commits forgery when, with intent to defraud, he knowingly:
>
> (1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; or
>
> (2) Issues or delivers such instrument knowing it to have been thus made or altered;   *   *   *." Ill. Rev. Stat. 1973, ch. 38, par. 17—3.

Defendant's statement acknowledged that he knew the check was not made by the person who appeared to have made it. It acknowledged that, knowing this, defendant went to a store and attempted to have it cashed but was caught. Defendant argues, first, that this does not admit de-

livery and second, it does not name Goodwin, the person to whom the check was passed.

Obviously a confession need not be made in the words of the statute defining the offense. (*People v. Rollins*, 119 Ill.App.2d 116, 255 N.E.2d 471.) Defendant did not use the words "issue" or "deliver" and it would have been remarkable for him to do so. An attempt to cash a check in the context of defendant's words necessarily and directly implied a delivery to whomever was supposed to cash it.

■■ In *People v. White*, 130 Ill.App.2d 775, 267 N.E.2d 129, we held that an indictment was sufficient to charge forgery, even though it failed to identify the person to whom the instrument was delivered. The identity of that person is not an essential element of the offense. Since defendant acknowledged all the essential elements, his statement was a confession and the instruction given was proper.

■■ Defendant received a two- to six-year sentence in the penitentiary. He protests that this is excessive. Both parties have briefed the question of whether this court has the authority to reduce a penitentiary sentence to probation. Other districts are not in agreement on this question. (*People v. Rednour* (5th Dist.), 24 Ill.App.3d 1072, 322 N.E.2d 492; *People v. Cross* (3rd Dist.), 27 Ill.App.3d 785, 327 N.E.2d 81.) We find it unnecessary to consider this issue since we do not consider this an appropriate case in which to exercise our discretion to reduce sentences. Defendant had two prior felony convictions for which he served a full sentence after a parole violation. He also failed to appear for a court appearance and violated his bond by leaving the State without permission. The trial court fully considered the mitigating circumstances presented by defendant but found this an appropriate sentence. The trial court is in a far better position to impose sentence. *People v. Caldwell*, 39 Ill.2d 346, 236 N.E.2d 706.

For the reasons stated above the judgment and sentence of the circuit court of Adams County is affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.