(Nos. 48245, 48291 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee and Appellant, v. WILLIAM J. HORTON Appellant, *et al.*—(Ronald T. Reed, Appellee.)

*Opinion filed Nov. 15, 1976.—Rehearing denied Jan. 28, 1977.*

414

James Geis, Deputy Defender, Office of the State Appellate Defender, of Chicago (Allen L. Wiederer, Assistant Appellate Defender, of counsel), for appellant William J. Horton.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon, Eugene Rudnik, Jr., Larry L. Thompson, and David A. Novoselsky, Assistant State's Attorneys, of counsel), for the People.

Allen L. Wiederer, Assistant Appellate Defender, Office of the State Appellate Defender, of Chicago, for appellee Ronald T. Reed.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of Cook County defendants William J. Horton and Ronald T. Reed were convicted of armed robbery and sentenced to the penitentiary. Defendants appealed and the appellate court affirmed the judgment as to Horton and reversed Reed's conviction and remanded for a new trial. (35 Ill. App. 3d 208.) The People and Horton filed petitions for leave to appeal, and we allowed both petitions. The appellate court opinion contains a detailed statement of the facts which will be restated only to the extent necessary to the discussion of the issues.

At 2:15 a.m. on September 9, 1972, defendants, while armed, obtained $190 from the cash register of a tavern owned by Arner Raglan. Raglan died of natural causes prior to defendants' trial. Over defense objections the People introduced Raglan's testimony taken at a preliminary hearing held on September 22, 1972. Defendants contend that admitting Raglan's testimony into evidence denied them their "constitutional right to confront witnesses" and that Horton's conviction, too, must be reversed. The People point out that Raglan had testified under oath, in defendants' presence, was "subjected to extensive cross-examination" and contend that his preliminary hearing testimony was properly admitted. The appellate court in rejecting defendants' arguments said: "The issue concerning admissibility of the prior testimony of a deceased witness has recently been thoroughly discussed and ruled upon by this court. (*People v. Tennant* (1975), 32 Ill. App. 3d 1034.) In that case, this court reiterated the well settled principle that the testimony of a witness at a preliminary hearing is admissible into evidence at trial

when the witness is unavailable without fault on the part of the State and when ample opportunity to cross-examine had existed at the preliminary hearing. (See *People v. Beathea* (1974), 24 Ill. App. 3d 460, 321 N.E.2d 458; *People v. Coburn* (1974), 20 Ill. App. 3d 60, 313 N.E.2d 270; *California v. Green* (1970), 399 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930.)" 35 Ill. App. 3d 208, 212.

Although we agree with the statement of the appellate court, the question whether "ample opportunity to cross-examine" was in fact presented at the preliminary hearing does not lend itself to a *per se* determination and must be decided upon the circumstances in each case.

The Supreme Court has recognized the distinction between the opportunity to cross-examine afforded at trial and at a preliminary hearing. Although it has held prior testimony given at trial to be admissible upon a showing of the witness' death or *bona fide* unavailability and has stated that "*** there may be *some justification* for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demands of the confrontation clause where the witness is shown to be actually unavailable ***" (emphasis added) (*Barber v. Page,* 390 U.S. 719, 725-26, 20 L. Ed. 2d 255, 260, 88 S. Ct. 1318, 1322), it has not, in any case, expressly approved the use of such testimony. In *Barber* the Supreme Court said, too, "A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial." (390 U.S. 719, 725, 20 L. Ed. 2d 255, 260, 88 S. Ct. 1318, 1322.) The provision in article I, section 7, of the Illinois Constitution for "a prompt preliminary hearing to establish probable cause" shows clearly that its purpose is so limited.

Ordinarily, cross-examination at a preliminary hearing is subject to the general rule that it may not extend beyond the scope of the direct examination and such

further interrogation as is directed to show interest, bias, prejudice or motive of the witness to the extent that these factors are relevant to the question of probable cause. Rule 411 provides that the criminal discovery rules "become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing," and clearly the preliminary hearing is not intended to be a discovery proceeding. In the absence of discovery procedures and in view of the limited nature of the evidence which may be introduced at a preliminary hearing, the question whether adequate opportunity to cross-examine had existed at the preliminary hearing (see *People v. Tennant,* 65 Ill. 2d 401) may not depend in its entirety on what transpired at that hearing. Adequate opportunity to cross-examine means an opportunity to effectively cross-examine, and merely providing an opportunity to cross-examine at the preliminary hearing is not *per se* adequate opportunity.

We have examined the transcript of Raglan's testimony and find nothing therein which was not covered by testimony of other witnesses. Defendants have not suggested, nor do we perceive, in what manner additional cross-examination would benefit them. Defendants were afforded an adequate opportunity to cross-examine and the circuit court did not err in admitting Raglan's testimony.

The appellate court reversed Reed's conviction on the ground that the circuit court erred in giving the jury the following instruction in the form of Illinois Pattern Jury Instruction Criminal No. 3.07:

"You have before you evidence that a defendant confessed that he committed the crime charged in the indictment. It is for you to determine whether the defendant confessed, and, if so, what weight should be given to the confession. In determining the weight to be given to a confession, you should consider all of the circumstances under which it was made."

The record shows that in cross-examination Reed denied

that he had talked to any police officers. Henry Leja, a Chicago police officer, was called in rebuttal, and during his direct examination the following question was asked and answer given:

> "Q. Would you explain to the ladies and gentlemen of the jury the questions that you asked and the answers that the defendant Reed gave to you?
>
> A. I asked the defendant Reed what he had to do, if anything, with the robbery, and he told me that he had a gun, and the gun was given to him by the co-defendant, Horton, and that he did go into the cash register and remove the money at the request of Mr. Horton."

In reversing, the appellate court said:

"A confession must acknowledge all the elements of a crime and is a confession of guilt. (*People v. Georgev* (1967), 38 Ill. 2d 165, 230 N.E.2d 851.) The element of the taking of property by force was lacking in Reed's statement. Therefore, the statement was an admission and should have been weighed accordingly by the jury. In its brief, the State did not contest that fact, and at oral argument expressly conceded that Reed's statement was merely an admission.

In Illinois, the law is that even where defendant has only a colorable claim of a defense, the characterization of a statement as a confession may discourage a jury from making a close analysis of what defendant actually said. (*People v. Sowell* (1965), 56 Ill. App. 2d 110, 205 N.E.2d 487.) As such, it is reversible error to instruct a jury that defendant has confessed to a crime when he has made only an admission. (*People v. Sowell; People v. Sovetsky* (1926), 323 Ill. 133, 153 N.E. 615; *People v. Stapleton* (1921), 300 Ill. 471, 133 N.E. 224.)" 35 Ill. App. 3d 208, 213.

The People do not contend that the statement attributed to Reed was a confession. They argue that assuming that the instruction was erroneously given, the

error was harmless. Defendants contend that their theory of the case, as presented in Reed's testimony, was that Raglan, who had agreed to pay money owed to Horton's girl friend, disavowed the agreement and attempted to draw a gun, and that it was only after Horton had drawn his own gun and disarmed Raglan that he again agreed to pay the debt. Although not articulated in precisely that manner their position is that when the money was taken from the cash register and given to Reed it was done by virtue of the agreement and not taken by force.

The statement to which Officer Leja testified was consistent with Reed's testimony, and we are of the opinion that its characterization as a confession did not prejudice defendants. There was ample evidence, other than the statement, of the use of force, and assuming *arguendo* that the giving of the instruction was error, on this record we hold it to be harmless. The instruction of which defendants complain is clearly distinguishable from those given in *People v. Stapleton,* 300 Ill. 471, and *People v. Sovetsky,* 323 Ill. 133, cited by the appellate court. (See 300 Ill. 471, 475.) *People v. Sowell,* 56 Ill. App. 2d 110, involved a homicide with a claim of self-defense, and characterizing the defendant's statement, which was not inconsistent with her claim of self-defense, as a confession was clearly prejudicial.

Horton's only contention concerning this issue is that despite the giving of an instruction in the form of IPI Criminal No. 3.08 that Reed's "confession" could only be considered as to him, he was prejudiced by the giving of the 3.07 instruction. In view of our conclusions concerning Reed, we hold that Horton was not prejudiced thereby.

For the reasons stated the judgment of the appellate court reversing the judgment as to defendant Reed is reversed and in all other respects the judgment is affirmed.

*Affirmed in part and reversed in part.*