THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT BEHM, Defendant-Appellant.

First District (2nd Division)   No. 62336

Opinion filed June 14, 1977.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Paul E. Kelly, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Following a jury trial, defendant, Robert Behm, was found guilty of aggravated kidnapping and armed robbery. (Ill. Rev. Stat. 1969, ch. 38, pars. 10—2, 18—2.) He was thereupon sentenced to a term of two to six years imprisonment. On appeal defendant contends that the trial court erred by improperly admitting certain preliminary hearing testimony into evidence against him.

At a preliminary hearing held on November 15, 1971, Walter Bonk testified on direct examination that a week earlier he had driven a Willard Company van which contained cases of cigarettes. The van was cut off by an automobile as Bonk traveled south on Cottage Grove Avenue near Glenwood-Dyer Road in Cook County, Illinois. Although Bonk could not identify the make or model of the automobile, he said there were two men in the car. The passenger in the automobile, who wore a ski mask, forced Bonk out of the company van at gunpoint. He was then pushed into the trunk of the automobile where he remained for approximately 40 to 45 minutes.

Bonk's cross-examination at the preliminary hearing immediately followed his direct examination. That cross-examination, in its entirety, is as follows:

"Q. Mr. Bonk, you can't identify anybody that was there when you were put in the trunk can you?

A. No.

[Defense counsel].: I have no further questions.

The witness: No chance.

[Defense counsel]: I have no further questions, Your Honor."

Bonk was hospitalized for a heart ailment in June of 1974 and died shortly thereafter. The case proceeded to trial on September 12, 1974, at which time defendant objected to the admissibility of Bonk's testimony

offered at the preliminary hearing. The testimony was eventually read into the record.

Two employees of the county highway department, Frank Grupp and Louis Caffarelli, were present on the day of the abduction. As they proceeded northbound on Cottage Grove Avenue in their truck, Grupp saw a Cadillac and a van traveling south. When the Cadillac and van pulled over to the shoulder, Caffarelli noticed that there were two men in the Cadillac and one in the van. Grupp and Caffarelli continued traveling in their truck for a block or two when they stopped to pick up some debris on the roadside. While picking up the trash, they saw three men standing behind the Cadillac. The trunk of the Cadillac was open. Grupp and Caffarelli returned to their truck, and Grupp observed that the trunk lid of the Cadillac was closed and only two men remained nearby.

The highway workers then turned their truck around and headed south on Cottage Grove Avenue. Both the Cadillac and the van had returned to the road and were driving south. When the two vehicles approached a stop sign, Grupp copied their license plate numbers. Caffarelli drove then to a gas station where he flagged down a State trooper, Edward Mehmel. After receiving the information and the license numbers from Caffarelli, Mehmel relayed the message to police units in the area.

Corporal Charles Helsel of the Illinois State Police heard the broadcast and then saw two vehicles which matched the description. Helsel blocked the path of the Cadillac and ordered its driver out of the automobile. The driver, defendant, was then handcuffed in Helsel's squad car, and the trooper drove down the road in search of the van. The van was discovered abandoned on the shoulder of the road. When Helsel returned to his squad car, defendant told him that the driver of the van was still in the trunk of the Cadillac. Helsel found the keys to the Cadillac in the front seat of his squad car and then gave them to another trooper who had arrived on the scene, Trooper Vig. Vig went to the Cadillac, opened the trunk, and released Bonk. Helsel thereafter drove back to the Cadillac and found the trunk open. When he examined the car, he found a .38 revolver on the front seat and saw a ski mask. Although the gun was introduced into evidence at the trial, the ski mask was not. Helsel could not remember if he had pointed out the ski mask to any of the other police officers on the scene.

Detectives Anthony Adamitis and Eugene Zelasko arrived when Helsel was examining the Cadillac. Zelasko removed the gun from the car. In the meantime, Adamitis entered a nearby stable where he discovered a large quantity of cigarettes, the cargo which Bonk had been transporting in his company van.

Detective Robert W. Teyema of the Illinois State Police later interviewed defendant in the Cook County Jail. At that interview

defendant related the scheme involved. Defendant's participation was to have netted him $3,000 and one Clarence Crockett was to have disposed of the cases of cigarettes. The state then rested at the conclusion of all testimony. The defense also rested without presenting evidence. Subsequently, defendant was found guilty of the charges and sentenced to a term in the penitentiary.

## I.

■■ The sole question presented for our review is whether Bonk's preliminary hearing testimony was properly admitted into evidence at defendant's trial. Although defendant apparently concedes that the admission of Bonk's testimony was not violative of the Federal confrontation clause (*California v. Green* (1970), 399 U.S. 149, 165, 26 L. Ed. 2d 489, 90 S. Ct. 1930; *People v. Howard* (1st Dist. 1975), 34 Ill. App. 3d 145, 150, 340 N.E.2d 53), he maintains the admission of such testimony was violative of the State confrontation clause. Defendant contends that the right to confront witnesses guaranteed by article I, section 8 of the Illinois Constitution is broader and more protective than the same right guaranteed by the sixth amendment of the United States Constitution. In a recent case, *People v. Tennant* (1976), 65 Ill. 2d 401, 358 N.E.2d 1116, our supreme court rejected this contention:

> "Defendant's major argument is that the State's use at trial of Watson's preliminary hearing testimony denied him due process of law and the right under the Federal and State constitutions to confront witnesses against him. Applied to the States in *Pointer v. Texas* (1965), 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065, the sixth amendment to the Federal Constitution provides in part: 'In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him' (U.S. Const., amend. VI). The comparable Illinois provision reads: 'In criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face' (Ill. Const. 1970, art. I, sec. 8). Despite the language difference, the two clauses are meant to protect the same interest. Dean Wigmore has written, 'The main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination.*' (5 Wigmore, Evidence, sec. 1395 (Chadbourn rev. ed. 1974) (emphasis in original).)" 65 Ill. 2d 401, 408.

Furthermore, the reasons for permitting the admission of testimony from an earlier proceeding of a person who has died are (1) that the testimony given under oath, in the presence of the accused and subject to cross-examination is trustworthy and reliable, (2) that the opportunity for cross-examination initally afforded provides substantial compliance with

the purposes behind the confrontation requirement, and (3) that the introduction of such testimony is necessary to ensure that substantial justice is done. (*People v. Burton* (1st Dist. 1972), 6 Ill. App. 3d 879, 884, 286 N.E.2d 792, *cert. denied* (1973), 411 U.S. 937, 36 L. Ed. 2d 399, 93 S. Ct. 1917.) Such preliminary hearing testimony is admissible at trial against a defendant if at the preliminary hearing there was an ample opportunity to cross-examine such witness and the witness is now unavailable without fault on the State's part. (*People v. Beathea* (1st Dist. 1974), 24 Ill. App. 3d 460, 465, 321 N.E.2d 458; *People v. Coburn* (1st Dist. 1974), 20 Ill. App. 3d 60, 63-64, 313 N.E.2d 270.) In *People v. Horton* (1976), 65 Ill. 2d 413, 416, 358 N.E.2d 1121, however, the supreme court cautioned that "the question whether 'ample opportunity to cross-examine' was in fact presented at the preliminary hearing does not lend itself to a *per se* determination and must be decided upon the circumstances in each case."

The *Tennant* court held that where there is an adequate opportunity for cross-examination of the preliminary hearing testimony of a witness who dies prior to trial, the earlier testimony is properly admitted at trial. (65 Ill. 2d 401, 411.) In support of that holding, *Tennant* cited the *Horton* case. In *Horton* the court discussed the further argument presented in the instant case by defendant: that he could not adequately cross-examine Bonk at the preliminary hearing because, pursuant to Supreme Court Rule 411, he had no access to discovery at that time. When faced with this argument in *Horton*, our supreme court responded:

> "Ordinarily, cross-examination at a preliminary hearing is subject to the general rule that it may not extend beyond the scope of the direct examination and such further interrogation as is directed to show interest, bias, prejudice or motive of the witness to the extent that these factors are relevant to the question of probable cause. Rule 411 provides that the criminal discovery rules 'become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing,' and clearly the preliminary hearing is not intended to be a discovery proceeding. In the absence of discovery procedures and in view of the limited nature of the evidence which may be introduced at a preliminary hearing, the question whether adequate opportunity to cross-examine had existed at the preliminary hearing (see *People v. Tennant*, 65 Ill. 2d 401) may not depend in its entirety on what transpired at that hearing. Adequate opportunity to cross-examine means an opportunity to effectively cross-examine, and merely providing an opportunity to cross-examine at the preliminary hearing is not *per se* adequate opportunity." (65 Ill. 2d 413, 416-17.)

Thus, *opportunity* to cross-examine, in and of itself, is insufficient. *Contra, State v. Roebuck* (1968), 75 Wash. 2d 67, 448 P.2d 934, 937-938.

■■ What, then, is an adequate opportunity to cross-examine? Although our research has not revealed a standard which is universally applicable, one central theme has emerged. No undue restrictions should be placed upon defendant's right to cross-examine (*People v. Allen* (1974), 56 Ill. 2d 536, 546, 309 N.E.2d 544, *cert. denied* (1974), 419 U.S. 865, 42 L. Ed. 2d 102, 95 S. Ct. 120; *People v. Simmons* (1975), 36 N.Y.2d 126, 325 N.E.2d 139, 142; *State v. Galvan* (1972), 108 Ariz. 212, 495 P.2d 442, 443); and defense counsel should be allowed to cross-examine the witness competently, vigorously, and comprehensively (see *People v. Jackson* (1968), 41 Ill. 2d 102, 115, 242 N.E.2d 160; *People v. Beathea* (1st Dist. 1974), 24 Ill. App. 3d 460, 466, 321 N.E.2d 458; *State v. Washington* (1971), 206 Kan. 336, 479 P.2d 833, 834). In order to determine, therefore, if the accused has been given an adequate opportunity to confront and cross-examine the witnesses against him, reviewing courts must carefully scrutinize the records before them. In light of the *Horton* rule emphasizing that mere opportunity to cross-examine is not *per se* adequate opportunity, we must determine if defendant in the case at bar was allowed a full opportunity to confront and cross-examine Bonk at the preliminary hearing. *People v. Griffin* (1st Dist. 1977), 47 Ill. App. 3d 1012, 365 N.E.2d 487.

■■ Basically, defendant's cross-examination of Bonk consisted of a single question. Yet that question was an important one which elicited an equally important answer. Bonk admitted on cross-examination that he could not identify his abductors. Although defendant comments that the cross-examination was neither extensive, nor intensive, our review of the record reveals that defendant's attorney (who also represented defendant at trial) was in no manner prevented from posing further questions. Nevertheless, defendant urges that, unlike the defendant in *Horton*, he has suggested how additional cross-examination would have benefited him. (65 Ill. 2d 413, 417.) Even though he claims that he could have impeached Bonk with discrepancies between Bonk's preliminary hearing testimony and grand jury testimony, defendant fails to isolate any such discrepancy and we have found none. Defendant also argues that he could have inquired into the matter of whether Bonk voluntarily participated in his own kidnapping. If defendant had reason to believe such scheme existed, he could have explored the matter at trial or at least made an attempt to do so. We think it sufficient to note that defendant never advanced this interesting theory in the court below. Lastly, defendant maintains that only Bonk's preliminary hearing testimony established that a crime even occurred. We disagree. The trial testimony

of other prosecution witnesses provided circumstantial evidence of both aggravated kidnapping and armed robbery.

■■ Having scrutinized the circumstances in the case at bar, we conclude that defendant was given an adeqate opportunity to cross-examine Bonk at the preliminary hearing. Further, defense counsel chose to cease questioning the witness; the court did nothing to inhibit, restrict, or limit that cross-examination. Consequently, defendant was not deprived of any constitutional right to confront witnsses, either State or Federal. Therefore, Bonk's preliminary hearing testimony was properly admitted at defendant's trial. 65 Ill. 2d 401, 411.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS and PERLIN, JJ., concur.