THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARNELL LAWSON, Defendant-Appellant.

Fifth District   No. 5—87—0766

Opinion filed January 17, 1990.

397

Daniel M. Kirwan and Mary M. Menard, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Darnell Lawson was charged in the circuit court of St. Clair County with the murder of Winston Lewis. Following a trial by jury, Lawson was found guilty and sentenced to a term of 40 years' imprisonment.

On the night of the murder, Lawson, Richard Davis, John Sherrill, Clifford Rowling, Rufus Thomas, and Kenneth Carlisle were standing outside Jay's liquor store in East St. Louis when they saw Lewis walking across the street. Believing Lewis to be a member of the Disciples, a rival street gang, they began beating him. Lewis fled into the

liquor store, and the group followed him. According to Davis, Lawson and Sherrill went into the store and continued beating Lewis. They were forced out by the store manager, but Lawson returned and shot Lewis. Other witnesses testified that they saw the group pursuing Lewis and that Lawson had a cap over his hand. One of the witnesses, Teresa Lockridge, testified that she saw a gun under the cap. Raymond Shumpert, the night cashier at the liquor store, positively identified Lawson as the person who shot Lewis.

The defense had intended to call John Sherrill and Rufus Thomas as witnesses, but was advised by the attorneys for these individuals that they would invoke their fifth amendment privileges. Defense counsel then requested the court to find that Sherrill and Thomas were unavailable witnesses and to allow into evidence their grand jury testimony. Sherrill had testified before the grand jury that it was Davis who shot Lewis, but Sherrill subsequently pleaded guilty to perjury in connection with such testimony. Thomas had testified that, while he had not seen the shooting, he saw Davis take a gun from his pocket before he and Lawson entered the store. Upon coming out, Lawson was carrying the gun.

The trial court ruled the grand jury testimony inadmissible. Lawson filed a post-trial motion, arguing that he was denied due process in that he was not allowed to present the testimony of Sherrill and Thomas, and that the State failed to disclose that witness Carlisle was under investigation for an unrelated shooting. At the hearing on the motion, William King testified that on June 27, 1987, a man whom he later identified as Carlisle broke into his home and shot him. An arrest warrant for Carlisle was issued on July 28, 1987. The court specifically found no evidence to support Lawson's allegation of an agreement between the prosecution and Carlisle.

■ On appeal, Lawson argues that the trial court erred in denying the admission of the grand jury testimony of Sherrill and Thomas. As a general rule, testimony given at a prior proceeding, by a witness who is unavailable to testify at the subsequent proceeding, is admissible as an exception to the hearsay rule where the issues are substantially similar and where the party against whose interest the testimony is offered had an adequate opportunity to cross-examine. (*People v. Doss* (1987), 161 Ill. App. 3d 258, 514 N.E.2d 502.) Testimony from preliminary hearings have been admitted on this basis. (*People v. Behm* (1977), 49 Ill. App. 3d 574, 364 N.E.2d 636.) The difficulty with admitting grand jury testimony, however, arises from the defendant's lack of opportunity to cross-examine the witness. In this case, however, it is the defendant who seeks to have the grand jury

testimony admitted. Arguably, therefore, the confrontation requirement is not a bar in this case.

■■ We need not resolve the issue, however, as we find any potential error arising from the failure to admit the grand jury testimony of Sherrill and Thomas to be harmless. A review of their testimony clearly demonstrates that had it been admitted and accepted as true by the trier of fact, Lawson would nonetheless be found guilty of murder.

Sherrill testified before the grand jury that Lawson and others attacked Lewis, who fled to a nearby liquor store. Lawson and Davis followed Lewis into the store, where they continued to beat him. Lawson and Davis left the store, whereupon Davis asked Lawson for his gun and Lawson gave it to him. Davis then reentered the store and shot Lewis. After giving the gun back to Lawson, the two fled.

Thomas testified that he observed a group of young men attack Lewis, who ran into the liquor store. Lawson and Davis pursued him, and prior to entering the liquor store, Thomas saw Davis take a gun from his pocket. As Thomas was walking away, he saw Davis and Lawson leaving the store, and Lawson was carrying the gun. Davis told Thomas, "We shot him," and later told him that Lawson had shot Lewis.

■■ ■ Had the jury accepted as true Sherrill's testimony, Lawson would still be guilty of murder under the theory of accountability. Lawson beat Lewis, chased him into the liquor store and, according to Sherrill, gave Davis a gun with which to kill Lewis. He then took the gun back and fled with Davis. The law on accountability incorporates the "common-design rule," which provides that where two or more individuals engage in a common criminal design, any acts committed in furtherance of the design by any one party are considered the acts of all. (See *People v. Fyke* (1989), 190 Ill. App. 3d 713.) An indictment charging a defendant, as principal, with murder will support the introduction of evidence and the conviction of the defendant under the theory of accountability. *People v. Nelson* (1965), 33 Ill. 2d 48, 210 N.E.2d 212; *People v. Heuton* (1971), 2 Ill. App. 3d 427, 276 N.E.2d 8.

Regarding Thomas' testimony, he did not see the shooting and nothing he said contradicts the testimony of the other State witnesses. Even if believed, his testimony would still support Lawson's murder conviction.

We next address Lawson's argument that the State failed to disclose pending unrelated criminal charges against State's witness Kenneth Carlisle thereby denying him the opportunity to impeach Carlisle with a possible motive for his testimony. Lawson filed two

pretrial discovery motions seeking to compel the disclosure of any criminal records of potential State witnesses and any agreements between the State's Attorney's office or other law enforcement agencies and any prosecution witness that could conceivably influence the witnesses' testimony. On July 15, 1987, six days prior to Lawson's trial, William King identified Kenneth Carlisle as the man who had broken into his home and shot him several weeks earlier. Carlisle was not arrested until July 28, 1987, six days after Lawson's trial had concluded. The State did not reveal to Lawson that Carlisle was under investigation for the burglary and shooting of King.

■■ ■ At the hearing on his post-trial motion, Lawson argued that the delay in arresting Carlisle implies that a deal was made with him. The trial court specifically found no such agreement and denied the motion. Lawson argues on appeal that the State had a duty to disclose the investigation of Carlisle. Supreme Court Rule 412 (107 Ill. 2d R. 412) requires the disclosure of any prior conviction, and the trial court's additional discovery orders in this case required the disclosure of any agreements between the prosecution and any of the State's witnesses. As Carlisle had not been charged with a crime and as there is no evidence in the record of any agreement between the prosecutor and Carlisle, disclosure of the investigation was not required under Supreme Court Rule 412 (107 Ill. 2d R. 412) or by any order of the court. Even if disclosed, Lawson would have been unable to impeach Carlisle with the investigation. Although a defendant is allowed wide latitude in cross-examining witnesses for bias, prejudice, or motive to testify falsely, this rule has not been extended to situations where the witness has simply been under investigation. *People v. George* (1971), 49 Ill. 2d 372, 274 N.E.2d 26; *People v. Simmons* (1981), 99 Ill. App. 3d 519, 425 N.E.2d 1168; *People v. Olmos* (1978), 67 Ill. App. 3d 281, 384 N.E.2d 853.

Finally, Lawson argues the cumulative effects of the exclusion of the grand jury testimony and the discovery violation denied him a fair trial. Having concluded that the exclusion of the grand jury testimony was at most harmless error, and that the State was not required to disclose the unrelated investigation of Carlisle, this argument is moot.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HARRISON and GOLDENHERSH, JJ., concur.